IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. SNODGRASS and )
LESLIE J. SNODGRASS, )
)
Plaintiffs, )
)
v. )    Case No. 6:18-cv-01231-JWB-GEB
)
CITY OF WICHITA, KANSAS; WICHITA )
CITY MANAGER ROBERT LAYTON; )
WICHITA FINANCE DIRECTOR )
SHAWN HENNING; FORMER WICHITA )
FINANCE DIRECTOR KELLY CARPENTER; )
WICHITA CITY CLERK KAREN SUBLETT; )
WICHITA MAYOR JEFF LONGWELL; )
FORMER WICHITA MAYOR CARL BREWER; )
WICHITA CITY COUNCIL MEMBERS )
BRANDON JOHNSON, PETE MEITZNER, )
JAMES CLENDENIN, JEFF BLUBAUGH, )
BRYAN FRYE, and CINDY CLAYCOMB; )
FORMER WICHITA CITY COUNCIL )
MEMBERS LAVONTA WILLIAMS, JANET )
MILLER, SUE SCHLAPP, PAUL GRAY, )
JEFF LONGWELL, JIM SKELTON and )
MICHAEL O'DONNELL; SPRINGSTED )
INCORPORATED; GILMORE AND BELL, )
A Professional Corporation; KUTAK ROCK )
LLP and SEDGWICK COUNTY TREASURER )
LINDA KIZZIRE, )
)
Defendants. )

## CERTIFICATE OF COMPLIANCE WITH RULE 81.2

As required by D. Kan. Rule 81.2, Defendant, Kutak Rock LLP hereby certifies that

copies of all records and proceedings undertaken in *David L. Snodgrass, et al. v. City of Wichita,*

*Kansas, et al.*, in the Eighteenth Judicial District, District Court of Sedgwick County, Kansas,

Case No. 2018-CV-1567 are filed herewith in the above captioned matter.

Dated: August 17, 2018                    Respectfully submitted,


                                          *s/ Christina J. Hansen*
                                          John C. Aisenbrey  (#16187)
                                          STINSON LEONARD STREET LLP
                                          1201 Walnut Street, Suite 2900
                                          Kansas City, MO 64106-2150
                                          (816) 842-8600 / Fax:  (816) 691-3495
                                          john.aisenbrey@stinson.com

                                          Christina J. Hansen (#26008)
                                          STINSON LEONARD STREET LLP
                                          1625 N. Waterfront Pkwy, Suite 300
                                          Wichita, KS 67206-6620
                                          (316) 265-8800/Fax:  (316) 265-1349
                                          christina.hansen@stinson.com

                                          *Attorneys for Defendant Kutak Rock LLP*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, a true and correct copy of the above and foregoing was e-filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, KS 67206
Austin@austinkparkeratty.com
*Attorney for Plaintiffs*

Milo Unruh, Jr.
Arn, Mullins, Unruh, Kuhn & Wilson, LLP
300 W. Douglas, Suite 330
Wichita, KS 67202
munruh@arnmullins.com
*Attorneys for Defendant Linda Kizzire*

Jennifer L. Magaña
Erik S. Houghton
City Hall – 13th Floor
455 North Main
Wichita, KS 67202
ehoughton@wichita.gov
*Attorney for Defendants City of Wichita,
Kansas, Robert Layton, Shawn Henning, Kelly
Carpenter, Karen Sublett, Jeff Longwell, Carl
Brewer, Brandon Johnson, Pete Meitzner, James
Clendenin, Jeff Blubaugh, Bryan Frye, Cindy
Claycomb, Lavonta Williams, Janet Miller, and
Jim Skelton*

Adam R. Burrus
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, KS 67202
aburrus@fleeson.com
*Attorneys for Defendant Michael O'Donnell*

Don D. Gribble, II
Hite, Fanning & Honeyman LLP
100 North Broadway, Suite 950
Wichita, KS 67202
gribble@hitefanning.com
*Attorneys for Defendant Gilmore and Bell, P.C.*

Jeffery A. Jordan
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206
jjordan@foulston.com
*Attorney for Defendant Springsted, Inc.*

*s/ Christina J. Hansen*
Christina J. Hansen

141961567.1

ELECTRONICALLY FILED
2018 Jul 13 PM 4:43
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

Austin Keith Parker, SC#23654
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, Kansas 67206
Email: austin@austinkparkeratty.com


IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DIVISION


| | | |
|---|---|---|
| DAVID L. SNODGRASS and LESLIE J. SNODGRASS, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| CITY OF WICHITA, KANSAS; WICHITA CITY MANAGER ROBERT LAYTON;  WICHITA FINANCE DIRECTOR SHAWN HENNING; FORMER WICHITA FINANCE DIRECTOR KELLY CARPENTER; WICHITA CITY CLERK KAREN SUBLETT; WICHITA MAYOR JEFF LONGWELL; FORMER WICHITA MAYOR CARL BREWER; WICHITA CITY COUNCILMEMBERS BRANDON JOHNSON, PETE MEITZNER, JAMES CLENDENIN, JEFF BLUBAUGH, BRYAN FRYE, and CINDY CLAYCOMB; FORMER WICHITA CITY COUNCILMEMBERS LAVONTA WILLIAMS, JANET MILLER, SUE SCHLAPP, PAUL GRAY, JEFF LONGWELL, JIM SKELTON, and MICHAEL O'DONNELL; SPRINGSTED INCORPORATED; GILMORE AND BELL, A PROFESSIONAL CORPORATION; KUTAK ROCK, LLP and SEDGWICK COUNTY TREASURER LINDA KIZZIRE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PETITION – CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

1

<div style="text-align:right">)</div>

*Defendants.*    )

_____)

PURSUANT TO CHAPTER 60 OF K.S.A.

## CLASS ACTION PETITION

Plaintiffs David L. and Leslie J. Snodgrass ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, allege in support of this Plaintiffs' Class Action Petition ("Petition") as follows:

### Parties

1.     Plaintiffs David L. and Leslie J. Snodgrass ("Snodgrass") are residents of Sedgwick County, Kansas, residing at 10205 E. Shadybrook Street, Wichita, Kansas 67206.

2.     Defendant City of Wichita, Kansas ("Wichita"), a duly authorized and constituted municipal corporation and city of the first class under the laws of the State of Kansas with its principal offices at 455 N. Main, Wichita, Kansas 67202.

3.     Defendant Robert Layton ("Layton") has served as the City Manager for the City of Wichita, Kansas since 2009. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

4.     Defendant Shawn Henning ("Henning") has served as the Finance Director for the City of Wichita, Kansas since April 29, 2013. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

5.     Defendant Kelly Carpenter ("Carpenter") served as the Finance Director for the City of Wichita, Kansas from 2009 until April 29, 2013. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

<div style="text-align:center">2</div>

6.      Defendant Karen Sublett ("Sublett") has served as the City Clerk for the City of Wichita, Kansas since 2009. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

7.      Defendant Jeff Longwell ("Longwell") has served as Mayor of the City of Wichita, Kansas since taking office in April 2015. Prior to taking office as Mayor, Longwell had served as a Councilmember for the City of Wichita since 2009. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

8.      Defendant Carl Brewer ("Brewer") served as the Mayor of the City of Wichita, Kansas from 2009 until Longwell took office as Mayor in April 2015. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

9.      Defendant Brandon Johnson ("Johnson") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2017. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

10.     Defendant Cindy Claycomb ("Claycomb") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2017. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

11.     Defendant Pete Meitzner ("Meitzner") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2011. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

12.     Defendant James Clendenin ("Clendenin") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2011. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

13.    Defendant Jeff Blubaugh ("Blubaugh") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2013. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

14.    Defendant Bryan Frye ("Frye") has served as a Councilmember for the City of Wichita, Kansas since taking office in 2015. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

15.    Defendant Lavonta Williams ("Williams") served as a Councilmember for the City of Wichita, Kansas from 2009 to 2017. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

16.    Defendant Janet Miller ("Miller") served as a Councilmember for the City of Wichita, Kansas from 2009 to 2017. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

17.    Defendant Sue Schlapp ("Schlapp") served as a Councilmember for the City of Wichita, Kansas from 2009 to 2011. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

18.    Defendant Paul Gray ("Gray") served as a Councilmember for the City of Wichita, Kansas from 2009 to 2011. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

19.    Defendant Jim Skelton ("Skelton") served as a Councilmember for the City of Wichita, Kansas from 2009 to 2011. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

20.    Defendant Michael O'Donnell ("O'Donnell") served as a Councilmember for the City of Wichita, Kansas from 2011 to 2013. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

21.    Defendant Springsted Incorporated ("Springsted"), is a foreign for-profit corporation with a mailing address of 380 Jackson Street, Suite 300, Saint Paul, Minnesota 55101. Springsted has been registered in Kansas since 1994 and has designated Tom Kaleko, 7724 Acuff Lane, Lenexa, Kansas 66216, as its registered agent. Springsted has served as the Financial Advisor for the City of Wichita since 2009. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

22.    Defendant Gilmore and Bell, a Professional Corporation ("Gilmore and Bell"), is a foreign for-profit corporation with a current mailing address of 2405 Grand Blvd. Suite 1100, Kansas City, Missouri 64108. Gilmore and Bell has been registered in Kansas since 1992 and has designated The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603, as its registered agent. Gilmore and Bell also maintains a place of business located at One Main Place, 100 North Main, Suite 800, Wichita, Kansas 67202. Gilmore and Bell has served as Bond Counsel for the City of Wichita since 2014. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

23.    Defendant Kutak Rock, LLP ("Kutak Rock"), is a foreign limited liability partnership with a current mailing address of Attn: Accounting Department, 1650 Farnam Street, Omaha, Nebraska 68102. Kutak Rock has been registered in Kansas since 2003 and has designated Richard A. Olmstead, 9750 E. 87th South, Derby, Kansas 67037, as its registered agent. Kutak Rock also maintains a place of business located at Omni Center IV, 111 S. Whittier, Suite 110, Wichita, Kansas 67207-1045. Kutak Rock served as Bond Counsel for the City of Wichita from

2009 through 2013. As noted above, Wichita maintains its principal offices at 455 N. Main, Wichita, Kansas 67202.

24.     Defendant Linda Kizzire ("Kizzire") currently serves as the Sedgwick County Treasurer. The Sedgwick County Treasurer's Office is located on the first floor of the Sedgwick County Courthouse, 525 N. Main, Wichita, Kansas 67203.

## Jurisdiction and Venue

25.     This Court has personal jurisdiction over all of the above-named Defendants because they either (1) reside in Sedgwick County, Kansas or (2) (a) transacted business in Sedgwick County, Kansas, . . . (c) entered into an express or implied contract, by mail or otherwise, with a resident of the State of Kansas (Defendant Wichita) to be performed in whole or in part by either party in Sedgwick County, Kansas, and/or (d) have contact with Sedgwick County, Kansas which would support jurisdiction consistent with the Constitutions of the United States of America and the State of Kansas. K.S.A. 60-308(b)(A), (B), (E) and (L). Therefore, Defendants carry on substantial business in Kansas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction. *See also Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 777-81, 740 P.2d 1089 (1987) ("Where an individual purposefully directs his activities toward forum residents or has purposefully derived benefits from their interstate activities, a state generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). This Court also has jurisdiction over Defendant City of Wichita, Kansas under the authority granted by K.S.A. 12-101 ("Each city being a body corporate and politic, may among other powers — *First*. Sue and be sued.)  Jurisdiction is also properly held by this Court because this Petition involves claims concerning the lawfulness of taxes.  *Misco Industries, Inc.*

*and City of Wichita, Kansas v. Bd. of Sedgwick Cty. Comm'rs.*, 235 Kan. 958, 966-967, 685 P.2d 866 (1984).

26.    Venue is proper in Sedgwick County, Kansas because this action is brought against Defendants in their capacities as (1) current and former elected and appointed officers of the City of Wichita, Kansas for acts done by such officers by virtue or under the color of their respective offices (K.S.A. 60-602(2)) or (2) foreign corporations qualified to do business in this state concerning actions taken that resulted in this cause of action arising in Sedgwick County, Kansas (K.S.A. 60-604(2)).

## General Facts

27.    Defendant City of Wichita, Kansas has issued a substantial number of general obligation and special obligation municipal bonds under the General Improvement and Assessment Laws of the State of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114.

28.    K.S.A. 12-6a02 provides that "the governing body of any city is hereby authorized to make, or cause to be made, municipal works or improvements which confer a special benefit upon property within a definable area of the city and may levy and collect special assessments upon property in the area deemed by the governing body to be benefited by such improvement for special benefits conferred upon such property by any such municipal work or improvement and to provide for the payment of all or any part of the cost of the work or improvement out of the proceeds of such special assessments as hereinafter provided."

29.    K.S.A. 12-6a02 contains a list of twelve (12) types of projects that can be determined to confer a special benefit upon property within a definable area of a city in Kansas and therefore qualify for special assessment financing.

30.     K.S.A. 12-6a02 does not identify reducing a Kansas city's general property tax levy necessary to support its general fund, bond and interest fund, or other city funds as an eligible project to receive special assessment financing.

31.     K.S.A. 10-114 provides that "[w]henever the governing body of any city shall issue internal improvement bonds to pay for the costs of any improvement the cost of which is chargeable against specific property, they shall apportion such cost by special assessments in installments, and the apportionment contained in the special assessment ordinance shall hold good for all the installments that are to be collected from the specific property chargeable with the costs of said improvement."

32.     Reducing Wichita's general property tax levy necessary to support the City's general fund, bond and interest fund, or other funds of the City is not an improvement benefitting specific properties that is eligible to be collected from individual property owners paying special assessments levied under K.S.A. 10-114.

33.     Kansas Courts have long held that "'A distinction exists between general taxes and assessments for special or local improvements. The former are exactions placed upon the citizens by the taxing authorities for the support of the government <u>while the latter are imposed upon property within a limited area for payment of special or local improvements.</u>'" (Emphasis Added) *In Re Appeal of Boeing Co.*, 261 Kan. 508, 516, 930 P. 2d 1366 (1997) *citing Mount Hope Cemetery Co. v. City of Topeka*, 190 Kan. 702, Syl. ¶ 2, 378 P.2d 30 (1963).

34.     The Kansas Supreme Court has also determined that "The power of a municipality to create special benefit districts and assess the property in the district for improvements is completely controlled by statute. <u>Local government has no power by implication. It acquires no powers except those expressly granted and those necessary to make the express powers effective.</u>"

8

*Madden v. City of Lenexa*, 239 Kan. 397, 400, 721 P. 2d 261 (1986) *citing State, ex rel., v. City of Overland Park*, 215 Kan. 700, 709, 527 P.2d 1340 (1974).

35.    Since 2009, the governing body of the City of Wichita, Kansas has elected to refinance a vast majority of its general and special obligation bonds issued under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes authorizing the levy of special assessments, including K.S.A. 10-114.

36.    Since 2009, the City of Wichita, Kansas has issued the following General Obligation Refunding Bonds refinancing the following specifically identified general and special obligation bonds issued under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114:

- **December 2017, Series 2017A** – Bond Face Value: $19,995,000 – Total Financed Amount: $24,035,587.41
    - Refinanced Bonds:
        - Series 792A, Dated February 1, 2008
        - Series 794A, Dated August 1, 2008
        - Series 796A, Dated February 1, 2009
        - Series 798A, Dated August 1, 2009
        - Series 800A, Dated March 1, 2010
- **October 2016, Series 2016A** – Bond Face Value: $14,335,000 – Total Financed Amount: $16,210,754.33
    - Refinanced Bonds:
        - Series 797, Dated August 1, 2009
        - Series 798, Dated August 1, 2009
        - Series 800, Dated August 1, 2010
- **April 2015, Series 2015A** – Bond Face Value: $45,965,000 – Total Financed Amount: $52,854,878.23
    - Refinanced Bonds:
        - Series 787, Dated February 1, 2009
        - Series 792, Dated February 1, 2009
        - Series 796, Dated February 1, 2009
        - Series 799, Dated March 1, 2010
        - Series 801, Dated August 1, 2010

9

- **<u>October 2012, Series 2012A</u>** – Bond Face Value: $21,250,000 – Total Financed Amount: $24,820,043.52
  - o <u>Refinanced Bonds:</u>
    - ▪ Series 788, Dated February 1, 2007
    - ▪ Series 790, Dated August 1, 2007
    - ▪ Series 794, Dated August 1, 2008
- **<u>September 2011, Series 2011C</u>** – Bond Face Value: $22,585,000 – Total Financed Amount: $25,600,720.10
  - o <u>Refinanced Bonds:</u>
    - ▪ Series 776, Dated February 1, 2004
    - ▪ Series 777, Dated February 1, 2004
    - ▪ Series 778, Dated August 1, 2004
    - ▪ Series 785, Dated February 1, 2006
    - ▪ Series 957, Dated February 1, 2004
- **<u>September 2011, Series 2011D</u>** – Bond Face Value: $37,355,000 – Total Financed Value: $43,674,754.95
  - o <u>Refinanced Bonds:</u>
    - ▪ Series 780, Dated February 1, 2005
    - ▪ Series 782, Dated August 1, 2005
    - ▪ Series 784, Dated February 1, 2006
    - ▪ Series 786, Dated August 1, 2006
    - ▪ Series 958, Dated February 1, 2005
- **<u>September 2010, Series 2010B</u>** – Bond Face Value: $27,385,000 – Total Financed Value: $29,667,070.55
  - o <u>Refinanced Bonds:</u>
    - ▪ Series 768, February 1, 2002
    - ▪ Series 770, August 1, 2002
    - ▪ Series 772, February 1, 2003
    - ▪ Series 773, February 1, 2003
    - ▪ Series 774, August 1, 2003

37.    The Total Financed Value of all of the above-identified General Obligation Refunding Bonds that have been issued by the City of Wichita since 2009 is $216,863,809.09.

38.    Included within this $216,863,809.09 of financed General Obligation Refunding Bonds is $901,974.15, paid to Springsted, Gilmore and Bell, Kutak Rock, other bond counsel and/or bond underwriters and/or their counsel for services provided allowing and assisting the City of Wichita to issue the above-referenced General Obligation Refunding Bonds.

39.    The City of Wichita's refinancing of its general and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes authorizing the levy of special assessments, including K.S.A. 10-114, is part of a larger effort commenced in 2009 by the City of Wichita to refinance its general obligation and revenue bonds. As of December 19, 2017, this refinancing program has resulted in a reported "savings" to the City of Wichita of $60.2 million. (*See* Page 6, Exhibit 1 hereto).

40.    Ronald E. Peake ("Peake") was the original developer of the Remington Place Addition to Wichita, Sedgwick County, Kansas, and therefore owned all of the lots within this development.

41.    As developer of the Remington Place Addition to Wichita, Sedgwick County, Kansas, Peake petitioned the City of Wichita for the financing of street, sewer and water improvements by the issuance of general obligation bonds issued under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114.

42.    The City of Wichita accepted Peake's petition for the financing of street, sewer and water improvements and issued general obligation bonds under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, to pay for the same.

43.    In 2004, the City of Wichita spread special assessments across all of the lots within the Remington Place Addition to Wichita, Sedgwick County, Kansas to pay for said general obligation bonds issued under the General Improvement and Assessment Laws of the state of

Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114.

44.     In 2003, Peake sold Lot 1, Block 5 of the Remington Place Addition to Wichita, Sedgwick County, Kansas, with a commonly-known address of 10205 E. Shadybrook Street, Wichita, Kansas 67206, to David L. and Leslie J. Snodgrass ("Snodgrass").

45.     Since 2004, Snodgrass has paid special assessments levied against Lot 1, Block 5 of the Remington Place Addition to Wichita, Sedgwick County, Kansas. Said levied special assessments have never been reduced by the City of Wichita.

46.     Said general and special obligation bonds issued under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, for improvements within the Remington Place Addition to Wichita, Sedgwick County, Kansas were refinanced with some of the General Obligation Refunding Bonds identified above.

47.     Following this refinancing, Plaintiffs never received any reduction in special assessments owed or a refund of excess special assessments paid on Lot 1, Block 5 of the Remington Place Addition to Wichita, Sedgwick County, Kansas.

48.     K.S.A. 12-6a12(b) provides that "When an assessment is, for any reason whatever, set aside by a court of competent jurisdiction as to any parcel or parcels of land, or in event the governing body finds that the assessment or any part thereof is excessive or determines on advice of counsel in writing, that it is or may be invalid for any reason, the governing body may, upon notice and hearing as provided for the original assessment, make a reassessment or a new assessment as to such parcel or parcels." (Emphasis Added).

49.    The City of Wichita never reassessed any of the parcels paying the refinanced special assessment bonds. Instead, the City of Wichita transferred the excess special assessment money paid by affected Wichita taxpayers to support its general fund and/or other municipal funds.

50.    The Kansas Supreme Court has determined that Kansas courts will intercede into special assessments levied under K.S.A. 12-6a01 *et seq.* "if palpable injustice results from the [special assessment] method applied so <u>that the burden imposed is entirely disproportionate to benefits received</u>". (Emphasis Added) *See Board of Education v. City of Topeka*, 214 Kan. 811, 819, 522 P. 2d 982 (1974) *citing Mullins v. City of El Dorado*, 200 Kan. 336, 436 P.2d 837 (1968).

51.    Section 4 of Article 11 of the Kansas Constitution mandates that "no tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied.'" *State ex rel. County Atty. v. City of Emporia*, 57 Kan. 710, 47 P. 833, 833-34 (1897) *citing Graham v. Horton*, 6 Kan. 343; *State v. Commissioners of Marion Co.*, 21 Kan. 419; *Bank v. Barber*, 24 Kan. 534.

52.    The Kansas Supreme Court explained in *State v. Board of Com'rs of Butler County*, 77 Kan. 527, 94 P. 1004, 1007 (1908) that "The object of [Section 4 of Article 11] of the Constitution is to prevent the levy of a tax for one purpose and the use of the funds raised thereby for another purpose. . . . Manifestly it is the duty of the authorities in levying a tax to exercise good faith, and not purposely levy a tax which would create an unnecessary surplus."

53.    "In the establishment of improvement districts and levying assessments on property therein benefited, within the restrictions of the applicable law, broad discretion is vested in the municipal authorities, and <u>their determination will not be reviewed in the absence of **fraud or arbitrary action**.</u>" (Emphasis Added) *Giddings v. City of Pittsburg*, 197 Kan. 777, 783, 421 P. 2d 181 (1966) *citing* 14 McQuillin, Municipal Corporations, 3rd Ed., § 38.55, p. 171.

13

## Count #1 –Fraud Against All Defendants

54.    Plaintiffs incorporate the preceding allegations as if fully set forth herein.

55.    Since 2009, Defendants Wichita, Layton, Henning, Carpenter, Sublett, Longwell, Brewer, Johnson, Claycomb, Meitzner, Clendenin, Blubaugh, Frye, Williams, Miller, Schlapp, Gray, Skelton and O'Donnell (the "Wichita Defendants"), along with Defendants Springsted, Gilmore and Bell and Kutak Rock, conspired and colluded to defraud Plaintiffs, as well as numerous other owners of property against which special assessments have been levied for the repayment of general obligation and special obligation bonds issued under the General Improvement and Assessment Laws of the State of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114.

56.    Defendants Springsted, Gilmore and Bell and Kutak Rock, as seasoned professionals advising clients concerning the issuance of general obligation and special obligation bonds under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, were well-aware of the mandates and limitations of state law, and knowingly and intentionally advised the Wichita Defendants to violate these laws in order to reap a substantial financial benefit in the form of professional fees they were paid from the refinancing of said bonds.

57.    Despite knowing that Defendant City of Wichita would use the savings gained from refinancing general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, to reduce Wichita's general property tax levy

necessary to support the general, bond and interest and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties, Defendants Springsted, Gilmore and Bell and Kutak Rock, with their superior knowledge of the law concerning the mandates and limitations of the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq*., and other state statutes authorizing the levy of special assessments, including K.S.A. 10-114, encouraged and densified the ignorance of Plaintiffs and all of the other affected land owners paying such levied special assessments by representing to the public and municipal bond purchasers that the actions of Defendant City of Wichita were in accordance with the legal restrictions governing the levy of special assessments under Kansas law against the properties owned by Plaintiffs and other affected land owners. *See Cramer v. Kansas C. R. Co.,* 112 Kan. 298, 300-03, 211 P. 118 (1922).

58.     Defendant City of Wichita, and the other Wichita Defendants acting on its behalf, were also well-aware of the requirements of state law, given the millions of dollars of general obligation and special obligation bonds the City of Wichita has issued under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, over the past fifty (50) years.

59.     Defendant City of Wichita, and the other Wichita Defendants acting on its behalf, consciously assumed a fiduciary duty to and relationship with Plaintiffs and all of the other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, because these Defendants (1) had a duty to act for the benefit of Plaintiffs and all of the other affected land owners paying special assessments levied under K.S.A. 12-6a01

15

*et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments; (2) had a position of superiority over Plaintiffs and all of the other affected land owners paying such levied special assessments; (3) took possession and control over the personal property, in the form of collected special assessment tax dollars, they assessed upon the property owned by Plaintiffs and all of the other affected land owners paying such levied special assessments; (4) took the following oath upon assuming elected or appointed office with Defendant City of Wichita in accordance with the requirements of K.S.A. 75-4308 and K.S.A. 54-106: "I do solemnly swear [or affirm, as the case may be] that I will support the constitution of the United States and the constitution of the state of Kansas, **and faithfully discharge the duties of _____. So help me God.**" (Emphasis Added). *See Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1360 (D. Kan. 1996) *citing Rajala v. Allied Corp.*, 919 F.2d 610, 614-615 (10th Cir. 1990), *cert. denied,* 500 U.S. 905, 111 S. Ct. 1685, 114 L. Ed. 2d 80 (1991)*; Denison State Bank v. Madeira*, 230 Kan. 684, 692, 640 P.2d 1235 (1982).

60.     Defendants City of Wichita, along with the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, were under a legal and ethical duty to communicate and not conceal the truth about the savings reaped by the City of Wichita's refinancing of its general obligation and special obligation bonds originally issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds to Plaintiffs and all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, *See Moore v. State Bank of Burden*, 240 Kan. 382, 389, 729 P.2d 1205 (1986); *In re Estate of Latshaw*, 194 Kan. 747, 751, 402 P.2d 323 (1965); *Denison State Bank v. Madeira*,

230 Kan. 684, 692-93, 640 P.2d 1235 (1982); *Wolf v. Brungardt*, 215 Kan. 272, 524 P. 2d 726 (1974); *Reeder v. Guaranteed Foods, Inc.*, 194 Kan. 386, 399 P.2d 822 (1965), and *Jenkins v. McCormick*, 184 Kan. 842, 339 P.2d 8 (1959).

61.    The silence of Defendant City of Wichita, along with the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, concerning the savings reaped by the City of Wichita's refinancing of its general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds constituted fraud because Plaintiffs and all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, (1) could not have discovered this savings by any reasonable investigation and (2) justifiably relied upon these Defendants to communicate such savings, along with all other relevant information concerning such levied assessments. *See Kreekside Partners v. Nord Bitumi U.S.*, 963 F. Supp. 959, 964-65 (D. Kan. 1997) *citing Ensminger v. Terminix Int'l Co.*, 102 F.3d 1571, 1573-74 (10th Cir. 1996).

62.    Defendants City of Wichita, along with the other Wichita Defendants, and Defendants Springsted and Gilmore and Bell, intended and/or had reason to expect that Plaintiffs and all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes authorizing the levy of special assessments, including K.S.A. 10-114, would continue to rely on Defendant City of Wichita's original assertions and certifications concerning the necessary special assessment payments that the City levied to retire its general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes authorizing the issuance of such bonds. *See Federal Deposit Ins. Corp. v. Hudson*, 758 F.

17

Supp. 663, 670 (D. Kan. 1991). This is necessarily true because the whole purpose of Defendant City of Wichita's refinancing of its general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes authorizing the issuance of such bonds was to reap "savings" from the established revenue stream flowing from its existing levied special assessments under K.S.A. 12-6a01 *et seq.* and/or other state statutes authorizing the levy of special assessments, including K.S.A. 10-114.

63.    Defendants City of Wichita and the other Wichita Defendants acting on its behalf, along with Defendants Springsted, Gilmore and Bell and Kutak Rock, intentionally colluded to deceive and violate the fiduciary trust placed in them by Plaintiffs along with all other affected land owners paying special assessments to Defendant City of Wichita levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114. *See Moore v. State Bank of Burden*, 240 Kan. 382, 389, 729 P.2d 1205 (1986).

64.    Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, knowingly and intentionally elected to violate the restrictions for the use of special assessment funds imposed under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, by choosing to dedicate those "saved" funds to reduce Wichita's general property tax levy necessary to support the general, bond and interest and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties.

65.    The fraudulent actions of Defendant City of Wichita, along with the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock resulted in the

misappropriation of millions of dollars of "saved" tax payments that should have been returned to Plaintiffs along with all other affected land owners paying special assessments levied under the General Improvement and Assessment Laws of the State of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114. *See Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 545-49, 419 P.2d 847 (1966).

66.     As a direct and proximate result of the actions of Defendant City of Wichita, along with the other Wichita Defendants, Springsted, Gilmore and Bell and Kutak Rock, Plaintiffs along with all other affected land owners paying special assessments levied under the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, are without millions of dollars of tax payments that should have been returned to them by Defendant City of Wichita.

67.     Because the Wichita Defendants actively participated in the fraud practiced by Defendant City of Wichita, they cannot escape personal liability for the fraudulent actions of the City of Wichita upon Plaintiffs and all other affected land owners paying special assessments levied under the General Improvement and Assessment Laws of the State of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114. *See Federal Deposit Ins. Corp. v. Hudson*, 758 F. Supp. 663, 670-71 (D. Kan. 1991); *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 270, 679 P.2d 736, Syl. no. 1 (1984); *Amoco Chemicals Corp. v. Bach*, 222 Kan. 589, 567 P.2d 1337, Syl. nos. 6, 7 (1977); Amen v. Black, 234 F.2d 12, 20 (10th Cir. 1956).

68.    Plaintiffs, in their individual capacities and on behalf of all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, elect to waive their available tortious causes of actions against Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, and instead elect to proceed for all fraudulent claims under a theory of implied contract. *See Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 545-49, 419 P.2d 847 (1966) *citing Smith v. McCarthy*, 39 Kan. 308, 18 P. 204; *Dougherty v. Norlin*, 147 Kan. 565, 569, 78 P. 2d 65; *Akin v. Davis*, 11 Kan. 580; *Cockrell v. Henderson*, 81 Kan. 335, 337, 105 P. 443; *State Highway Comm. v. Puskarich*, 148 Kan. 385, 391, 83 P. 2d 131 and *Kipp v. Carlson*, 148 Kan. 657, 661, 84 P. 2d 899.

69.    Because of Defendants' collective concealment of the "savings" reaped by the City of Wichita's refinancing of its general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, Plaintiffs and all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, were prevented from discovering the fraud perpetrated by said Defendants until Plaintiffs were informed of this fraud by Plaintiffs' counsel in the days prior to issuance of Plaintiffs' Notice of Claim to Defendants written and delivered on June 12, 2018. Therefore, the three-year statute of limitations applicable to the present implied contractual action concerning Defendants' fraudulent actions was tolled from commencing upon all claims until the date of this disclosure to Plaintiffs by Plaintiffs' counsel. *See City of Wichita v. United States Gypsum Co.*, 72 F.3d 1491, 1499-500

20

(10th Cir. 1996) ("Under Kansas law, equitable estoppel applies if defendants have induced plaintiffs to delay their filing of the action either through affirmative acts or through silence concerning material facts when under an affirmative duty to speak. *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F. Supp. 1051, 1056 (D. Kan. 1990). **Actual fraud in the technical sense is not required but a defendant must be found to have "lulled" his or her adversary into a false sense of security to forestall the filing of suit.** *Id.*"); *See also Stark v. Mercantile Bank, N.A.*, 29 Kan. App. 2d 717, 723-24, 33 P.3d 609 (2001) and *Amen v. Black*, 234 F.2d 12, 26 (10th Cir. 1956), *certiorari granted*, 77 S.Ct. 127, 352 U.S. 888, 1 L.Ed.2d. 84, *cause remanded*, 78 S.Ct. 530, 355 U.S. 600, 2 L.Ed.2d 523.

WHEREFORE, Plaintiffs pray for judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes authorizing the issuance of such bonds, punitive damages based upon Defendants' fraudulent actions (*See Kiser v. Gilmore*, 2 Kan. App. 2d 683, 687-88, 587 P.2d 911 (1978)), all in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00), together with the costs of this action, including reasonable attorney's fees, interest and such other and further relief as this Court deems just and proper.

### Count # 2 – Constructive Fraud Against All Defendants

70.     Plaintiffs incorporate the preceding allegations as if fully set forth herein.

71.     In the alternative, even if Defendants City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock did not knowingly and/or intentionally work to deceive Plaintiffs along with other affected land owners paying special assessments levied

under K.S.A. 12-6a01 *et seq*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, concerning the truth about their misappropriation of the "savings" reaped by the City's refinancing of its general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, Defendants' statements and actions constructively defrauded Plaintiffs and other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments because Defendants' statements and actions (1) had a tendency to deceive Plaintiffs and other affected land owners paying such special assessments; (2) were undertaken without justification under K.S.A. 12-6a01 *et seq.* or other applicable state law and (3) were taken for the financial gain of Defendants City of Wichita and Defendants Springsted, Gilmore and Bell and Kutak Rock. *See Federal Deposit Ins. Corp. v. Hudson*, 758 F. Supp. 663, 670 (D. Kan. 1991).

72.     Plaintiffs, in their individual capacities and on behalf of all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, elect to waive their available tortious causes of actions against Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, and instead elect to proceed for all constructive fraudulent claims under a theory of implied contract. *See Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 545-49, 419 P.2d 847 (1966) *citing Smith v. McCarthy*, 39 Kan. 308, 18 P. 204; *Dougherty v. Norlin*, 147 Kan. 565, 569, 78 P. 2d 65; *Akin v. Davis*, 11 Kan. 580; *Cockrell v. Henderson*, 81 Kan. 335, 337, 105

P. 443; *State Highway Comm. v. Puskarich*, 148 Kan. 385, 391, 83 P. 2d 131 and *Kipp v. Carlson*, 148 Kan. 657, 661, 84 P. 2d 899.

WHEREFORE, Plaintiffs pray for judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.*, and/or other state statutes authorizing the issuance of such bonds, punitive damages based upon Defendants' fraudulent actions (*See Kiser v. Gilmore*, 2 Kan. App. 2d 683, 687-88, 587 P.2d 911 (1978)), all in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00), together with the costs of this action, including reasonable attorney's fees, interest and such other and further relief as this Court deems just and proper.

## Count # 3 – Replevin of Invalid Special Assessment Taxes Against All Defendants

73.    Plaintiffs incorporate the preceding allegations as if fully set forth herein.

74.    As noted above, Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, knowingly and intentionally elected to violate the restrictions for the use of special assessment funds imposed under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, by choosing to dedicate those "saved" funds to support the City of Wichita's general fund and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties.

75.    The fraudulent actions of Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, to misappropriate the millions of dollars of "saved" tax payments to support the City of Wichita's

general fund and other funds of the City of Wichita, instead of returning them to the paying owners of assessed properties, resulted in those "saved" funds no longer bearing any reasonable relationship to the peculiar benefit afforded Plaintiffs along with all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, by the specific improvements financed with the refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes authorizing the issuance of such bonds. *See Morton Salt Co. v. South Hutchinson*, 177 F.2d 889, 891-92 (10th Cir. 1949).

76.    The General Improvement and Assessment Laws of the State of Kansas, K.S.A. 12-6a01 *et seq*., and other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, prohibit Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, from misappropriating the millions of dollars of "saved" tax payments to support the City of Wichita's general fund and other funds of the City of Wichita, as supporting the City of Wichita's general fund and other funds of the City of Wichita are not eligible projects validly designated under the procedures mandated for the levying of special assessments under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds.

77.    The misappropriation of the millions of dollars of "saved" tax payments to support the City of Wichita's general fund and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties was an "improper diversion of public moneys" in "direct violation of section 4, art. 11, of the state constitution, which provides that 'no tax shall be

levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied.'" *State ex rel. County Atty. v. City of Emporia*, 57 Kan. 710, 47 P. 833, 833-34 (1897) *citing Graham v. Horton*, 6 Kan. 343; *State v. Commissioners of Marion Co.*, 21 Kan. 419; *Bank v. Barber*, 24 Kan. 534.

78.    The Kansas Supreme Court explained in *State v. Board of Com'rs of Butler County*, 77 Kan. 527, 94 P. 1004, 1007 (1908) that "The object of [Section 4, Article 11] of the Constitution is to prevent the levy of a tax for one purpose and the use of the funds raised thereby for another purpose. . . . Manifestly it is the duty of the authorities in levying a tax to exercise good faith, and not purposely levy a tax which would create an unnecessary surplus."

WHEREFORE, Plaintiffs pray for judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, for the return of an amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes authorizing the issuance of such bonds (*See Bush v. Beloit*, 105 Kan. 79, 83, 181 P. 615 (1919) *quoting Railway Co. v. City of Humboldt*, 87 Kan. 1, 123 P. 727 "'Where an illegal tax is levied on the property of a taxpayer, which he is compelled to and does pay, it is to be regarded as an involuntary payment which he may recover back'"), punitive damages based upon Defendants' fraudulent actions (*See Kiser v. Gilmore*, 2 Kan. App. 2d 683, 687-88, 587 P.2d 911 (1978)), all in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00), together with the costs of this action, including reasonable attorney's fees, interest and such other and further relief as this Court deems just and proper.

**Count # 4 – Redress From All Defendants for the Taking of Invalid Special Assessment Taxes in Violation of the Substantive Due Process Provisions of the Fifth Amendment to**

**the U.S. Constitution, as Applied By the Fourteenth Amendment to the U.S. Constitution,**

**Under 42 U.S.C. Section 1983**

79.     Plaintiffs incorporate the preceding allegations as if fully set forth herein.

80.     Because the "saved" tax payments were misappropriated by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, to support the City of Wichita's general fund and other funds of the City of Wichita, the "saved" tax payments exacted from Plaintiffs and all other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*., and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, are in substantial excess to any special benefit afforded to Plaintiffs and all other affected land owners by the projects financed by the general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds by Defendant City of Wichita. *Bauer v. City of Olathe*, 257 Kan. 540, 556-58, 894 P.2d 823 (1995) *citing Norwood v. Baker*, 172 U.S. 269, 279, 43 L. Ed. 443, 19 S. Ct. 187 (1898) and *Mullins v. City of El Dorado*, 200 Kan. 336, 436 P.2d 837 (1968).

81.     As such, the misappropriation of the excess "saved" special assessment funds constituted "a taking of private property for public use without just compensation" of these excess "saved" special assessment funds by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock. *Bauer v. City of Olathe*, 257 Kan. 540, 556-58, 894 P.2d 823 (1995) *quoting Allison v. Board of Johnson County Comm'rs*, 241 Kan. 266, 275, 737 P.2d 6 (1987).

26

82.    The fraudulent actions of Defendant City of Wichita and the other Wichita Defendants, as well as Defendants Springsted, Gilmore and Bell and Kutak Rock, to accomplish this misappropriation make them all personally liable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, as well as compensatory damages equal to the total interest accrued on all such excess special assessment moneys paid at the highest rate allowed under applicable law and punitive damages equal to the value of all such excess special assessment moneys paid (or in an amount sufficient to deter the above-identified Defendants and others from undertaking like unlawful conduct in the future), together with attorney's fees under 42 U.S.C. § 1988 and the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

**Count # 5 – Redress From All Defendants for the Deprivation of Private Property Without Compensation in Violation of the Substantive Due Process Provisions of the Fifth Amendment to the U.S. Constitution, as Applied By the Fourteenth Amendment to the U.S. Constitution, Under 42 U.S.C. 1983**

83.    Plaintiffs incorporate the preceding allegations as if fully set forth herein.

84.    Defendant City of Wichita, as a duly authorized and constituted municipal corporation and city of the first class under the laws of the State of Kansas, as well as the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock acting in their official capacities and/or as retained to perform professional consulting and advising services by

27

Defendant City of Wichita, deprived Plaintiffs along with all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, of their private property interest in funds to be returned to the paying owners of assessed properties as savings gained from refinancing general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds.

85.    Defendant City of Wichita, as well as the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, knew or should have known that their actions depriving Plaintiffs and all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds denied Plaintiffs and all other affected persons their constitutionally-protected property rights.  Specifically, Defendant City of Wichita and the other Wichita Defendants, as well as Defendants Springsted, Gilmore and Bell and Kutak Rock, despite knowing that Defendant City of Wichita would use the "savings" gained from refinancing general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds to support the City's general fund and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties, worked to facilitate Defendant City of Wichita's refinancing of said general obligation and special obligation bonds and dedication of the "saved" funds gained thereby to support the City of Wichita's general fund and other funds of the City of Wichita.

28

86.     Defendants Springsted, Gilmore and Bell and Kutak Rock, with their superior knowledge of the law concerning the mandates and limitations of the General Improvement and Assessment Laws of the state of Kansas, K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114, further encouraged and densified the ignorance of Plaintiffs and all of the other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes authorizing the issuance of such bonds by representing to the public and municipal bond purchasers that the actions of Defendant City of Wichita were in accordance with the legal restrictions governing special assessments levied under K.S.A. 12-6a01 *et seq.* and other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds against the properties owned by Plaintiffs and other affected land owners.

87.     Therefore, the Wichita Defendants, as well as Defendants Springsted, Gilmore and Bell and Kutak Rock, are personally liable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, as well as compensatory damages equal to the total interest accrued on all such excess special assessment moneys paid at the highest rate allowed under applicable law and punitive damages equal to the value of all such excess special assessment moneys paid (or in an amount sufficient to deter the above-identified Defendants and others from undertaking like unlawful conduct in the future), together with

attorney's fees under 42 U.S.C. § 1988 and the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

## Count #6 – Redress From All Defendants for Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution Under 42 U.S.C. Section 1983

88.    Plaintiffs incorporate the preceding allegations as if fully set forth herein.

89.    Plaintiffs and all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds have been intentionally treated differently than other landowners not paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds so that Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, could misappropriate the "saved" tax payments exacted from Plaintiffs and all other affected land owners paying such special assessments to support the City of Wichita's general fund and other funds of the City of Wichita. *See Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam); *In re Cent. Ill. Pub. Servs. Co.*, 276 Kan. 612, 622, 78 P.3d 419 (2003) *citing Roberts & Schaeffer Co. v. Emmerson*, 271 U.S. 50, 55, 70 L. Ed. 827, 46 S. Ct. 375 (1926); and *SBT Holdings, LLC v. Town of Westminster*, No. 08-1512 (1st Cir. Nov. 6, 2008).

90.    There is no rational basis for Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, to differently treat Plaintiffs and all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds than other landowners not paying excess special

assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds. As noted above, Defendants' differential treatment is in direct violation of the express provisions of state law. *See Id.*

91.    The fraudulent actions of the Wichita Defendants, as well as Defendants Springsted, Gilmore and Bell and Kutak Rock, to accomplish this deprivation of equal protection rights make them all personally liable under 42 U.S.C. § 1983.

92.    The remedies of Plaintiffs and all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds are not adequate under state law because (1) the actions of Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock "deprived them of their [property] without according them proper procedural due process safeguards" and, (2) Defendants' choice not to reassess the special assessments levied against the affected property owned by Plaintiffs and all other affected land owners paying excess special assessments to reflect the "savings" achieved by Defendants' refinancing of general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds prevents Plaintiffs and other affected land owners paying such special assessments from having access to any administrative procedure provided by K.S.A. 12-6a01 *et seq.* or any other state law "to challenge the excessive assessment of their land". *Allison v. Board of County Comm'rs*, 241 Kan. 266, 270-72, 737 P.2d 6 (1987) *citing Parratt v. Taylor*, 451 U.S. 527, 537, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981).

WHEREFORE, Plaintiffs demand judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount

equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, as well as compensatory damages equal to the total interest accrued on all such excess special assessment moneys paid at the highest rate allowed under applicable law and punitive damages equal to the value of all such excess special assessment moneys paid (or in an amount sufficient to deter the above-identified Defendants and others from undertaking like unlawful conduct in the future), together with attorney's fees under 42 U.S.C. § 1988 and the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

**Count #7 – Redress From All Defendants for Violation of the Procedural Due Process Provisions of the Fifth Amendment to the U.S. Constitution, as Applied By the Fourteenth Amendment to the U.S. Constitution, Under 42 U.S.C. Section 1983**

93.    Plaintiffs incorporate the preceding allegations as if fully set forth herein.

94.    Plaintiffs and all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds were deprived of their procedural due process rights by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, in their failure to provide (1) any notice of or (2) any opportunity for comment or a hearing concerning the misappropriation of excess special assessment tax funds to support the City of Wichita's general fund and other funds of the City of Wichita. Even a limited opportunity for public comment to Defendant City of Wichita and the other Wichita Defendants would surely have provided the necessary sunlight to prevent the fraudulent actions of Defendant City of Wichita, the other Wichita Defendants, and Defendants

32

Springsted, Gilmore and Bell and Kutak Rock. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) and *Wilkinson v. Austin*, 545 U.S. 209, 226-229 (2005) (Emphasizing role of notice and "fair opportunity for rebuttal" in reducing risk of erroneous deprivation). *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam); *In re Cent. Ill. Pub. Servs. Co.*, 276 Kan. 612, 622, 78 P.3d 419 (2003) *citing Roberts & Schaeffer Co. v. Emmerson*, 271 U.S. 50, 55, 70 L. Ed. 827, 46 S. Ct. 375 (1926); and *SBT Holdings, LLC v. Town of Westminster*, No. 08-1512 (1st Cir. Nov. 6, 2008).

95.    The fraudulent actions of the Wichita Defendants, as well as Defendants Springsted, Gilmore and Bell and Kutak Rock, to accomplish this deprivation of procedural due process rights make them all personally liable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Wichita, the Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, in the amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, as well as compensatory damages equal to the total interest accrued on all such excess special assessment moneys paid at the highest rate allowed under applicable law and punitive damages equal to the value of all such excess special assessment moneys paid (or in an amount sufficient to deter the above-identified Defendants and others from undertaking like unlawful conduct in the future), together with attorney's fees under 42 U.S.C. § 1988 and the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

<u>**Class Action Allegations**</u>

96.     Plaintiffs bring Counts 1 through 7 against Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock pursuant to K.S.A. 60-223(a) and K.S.A. 60-223(b)(1)-(2), individually and on behalf of a class consisting of all other affected land owners paying excess special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, for the payment of refinanced general obligation and special obligation bonds issued under K.S.A. 12-6a01 *et seq.*, and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments, including K.S.A. 10-114. This class is composed of individuals who currently reside in the State of Kansas and/or currently own or have owned real property within the State of Kansas.

97.     Plaintiffs seek to represent this class for any and all claims and damages prayed for herein.

98.     The class is so numerous that joinder of all members is impracticable.  Accordingly, K.S.A. 60-223(a)(1) is thus satisfied.

99.     Questions of law and fact that are common to the class exist here that predominate over any questions which affect only individual members, satisfying the requirements of rule K.S.A. 60-223(a)(2).

100.    Plaintiffs' claims are typical of the other Class Members' claims and do not conflict with the interests of any Class Members, as Plaintiffs and all Class Members were damaged by the fraudulent and wrongful conduct of Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock, and the relief Plaintiffs seek is common to the relief sought on behalf of the Class.  Thus, K.S.A. 60-223(a)(3) is satisfied.

101.    Plaintiffs will fairly and adequately protect the interests of the other Class Members and have no interests that are antagonistic to or that will conflict with those of other Class Members.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in litigation of this nature to represent them and the members of the Class.  K.S.A. 60-223(a)(4) is therefore satisfied.

102.    Prosecuting separate actions by individual class members would create a risk of (1) inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock opposing the Class and (2) adjudications with respect to individual Class members that, as a practical matter, (a) would be dispositive of the interests of the other members not parties to the individual adjudications and (b) would substantially impair or impede such persons' ability to protect their interests. Thus, K.S.A. 60-223(b)(1)(A)-(B) are satisfied.

103.    Defendant City of Wichita, the other Wichita Defendants, and Defendants Springsted, Gilmore and Bell and Kutak Rock have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole. Thus, K.S.A. 60-223(b)(2) is satisfied.

104.    A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable.

## **Class Action Relief Sought Against All Defendants**

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the Class proposed in this Petition, respectfully request that the Court enter judgment in their favor and against all named Defendants as follows:

A.    That the Court certify the Class pursuant to K.S.A. 60-223(a) and K.S.A. 60-223(b)(1)-(2), and designate the named Plaintiffs as the representatives of the Class;

B.    That the Court determine by order, pursuant to K.S.A. 60-223(c)(1) that this action may be maintained as a class action on the terms described herein.

C.    That the Court issue a declaratory judgment that Defendants have

a.  Fraudulently, intentionally and willfully misappropriated the millions of dollars of "saved" tax payments gained from the refinancing of general obligation and special obligation bonds issued by Defendant City of Wichita under K.S.A. 12-6a01 and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds to support the City of Wichita's general fund and other funds of the City of Wichita in violation of specifically applicable state and federal law.

b.  In the alternative, the statements and actions of Defendants constructively defrauded Plaintiffs and other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds because Defendants' statements and actions (1) had a tendency to deceive Plaintiffs and other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq.* and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds; (2) were undertaken without justification under K.S.A. 12-6a01 *et seq.* or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds, and (3) were taken for

the financial gain of Defendants City of Wichita and Defendants Springsted, Gilmore and Bell and Kutak Rock.

c.  Misappropriation of the millions of dollars of "saved" tax payments to support the City of Wichita's general fund and other funds of the City of Wichita instead of returning them to the paying owners of assessed properties was an improper diversion of public moneys in direct violation of Section 4, Art. 11, of the Kansas Constitution and other applicable state law.

d.  Misappropriation of the excess "saved" special assessment funds constituted a taking of private property for public use without just compensation of these excess "saved" special assessment funds by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock.

e.  Misappropriation of the excess "saved" special assessment funds deprived Plaintiffs and other affected land owners paying special assessments levied under K.S.A. 12-6a01 *et seq*. and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds of their private property interest in funds to be returned to the paying owners of assessed properties as savings gained from refinancing general obligation and special obligation bonds issued under K.S.A. 12-6a01 and/or other state statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds.

f.  Fraudulent actions concerning the misappropriation of the excess "saved" special assessment funds violated the equal protection rights of Plaintiffs and the Class they represent.

g.  Fraudulent actions concerning the misappropriation of the excess "saved" special assessment funds violated the procedural due process rights of Plaintiffs and the Class they represent.

D.      That the Court appoint Plaintiffs' counsel as Class counsel, in accordance with the requirements of K.S.A. 60-228(g), in consideration of

a.  The work Plaintiffs' counsel has done in identifying or investigating potential claims in the action;

b.  The experience of Plaintiffs' counsel in handling other complex litigation and the types of claims asserted in the action;

c.  The knowledge of Plaintiffs' counsel concerning the applicable law;

d.  The substantial resources that Plaintiffs' counsel will commit to representing the Class; and

e.  The ability of Plaintiffs' counsel to fairly and adequately represent the interests of the Class.

E.      That the Court issue a Writ of Mandamus ordering Defendant Linda Kizzire to remit all excess special assessment funds collected under certifications and or directions issued by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, to this court for distribution to Plaintiffs and the other Members of the Class.

F.      That the Court order:

a.  Defendants pay a judgment in an amount equal to all excess special assessment moneys paid upon refinanced general obligation and special obligation bonds issued by the City of Wichita under K.S.A. 12-6a01 *et seq*. and/or other state

statutes, City Ordinances and City Charter Ordinances authorizing the issuance of such bonds;

b.   Defendants pay the Costs and expenses of this action, including reasonable attorneys' fees awarded under state law and 42 U.S.C. § 1988;

c.   Defendants pay all actual, compensatory, exemplary and punitive damages;

d.   Defendants pay pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   Such other relief as to which Plaintiffs and Members of the Class may be entitled.

## **Jury Demand**

Pursuant to K.S.A. 60-238(b), Plaintiffs, individually and on behalf of a Class consisting of all other affected land owners paying excess special assessments, demand a trial by jury on all issues triable to a jury.


RESPECTFULLY SUBMITTED,


/s/ Austin Keith Parker
Austin Keith Parker, SC#23654
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, Kansas 67206
Email: austin@austinkparkeratty.com

# EXHIBIT 1

# General Obligation and Water & Sewer Refunding Bond Sale

## Department of Finance

December 19, 2017



# Background

- Since 2009, the City has sought to lower borrowing costs by refinancing City debt

- On December 5, 2017 the City Council authorized staff to proceed with two refundings

- A bond sale was held on December 18, 2017

# Series 2017A Bonds - $19,995,000

- The sale refunded five series of GO bonds

- The current maturity schedule was unchanged

- Net present value savings are estimated at $1.6 million, or 7.3%

# Series 2017B Bonds - $22,140,000

- The sale refunded one series of Water and Sewer Revenue bonds

- The current maturity schedule was unchanged

- Net present value savings are estimated at $1 million, or 4.2%

# Refunding Savings

- Refunding program started in 2009

- Previous debt refundings have saved $57.6 million

- Today's savings of $2.6 million increase total savings to $60.2 million in the last eight years

# Recommended Action

- Ratify the bond purchase agreements

- Adopt the bond ordinances

- Adopt the bond resolutions

- Authorize the necessary signatures

# General Obligation and Water and Sewer Refunding Bond Sale

## Finance Department

*Serving You, In Many Ways, Every Day*



# Series 2017A Bonds - $19,995,000

- Bonds sold with an TIC of 2.28%

- Spreads to the MMD between 20 – 30 points

# Series 2017B Bonds - $22,140,000

- Bonds sold with an TIC of 2.45%

- Spreads to the MMD between 20 – 35 points

ELECTRONICALLY FILED
2018 Jul 13 PM 4:59
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**City of Wichita, Kansas**

**Attn: City Attorney Jennifer Magana**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/13/2018 05:01:35 PM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:43
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

# Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Janet Miller**
> **1102 N Jefferson St.**
> **Wichita, KS  67203**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:29:01 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:54
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Jim Skelton**
**5903 E Skinner St.**
**Wichita, KS  67218**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:29:38 AM

**Documents to be served with the Summons:**
Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:40
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Bryan Frye**
**455 N. Main**
**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:25:54 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:37
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**James Clendenin**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:24:45 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:42
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Lavonta Williams**

**3928 Vesta Dr.**

**Wichita, KS  67208**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 10:28:38 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:56
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

# Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Michael O'Donnell**

**616 S Sheridan St.**

**Wichita, KS  67213**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 10:30:12 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:38
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Jeff Blubaugh**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 10:25:11 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:48
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Sue Schlapp**

**Po Box 782021**

**Wichita, KS  67278**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 12:32:50 PM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:59
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Gilmore and Bell, a Professional Corporation**

**112 SW 7th Street, Suite 3C**

**Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your

answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 10:31:24 AM

**Documents to be served with the Summons:**

Class Action Petition

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:41
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Cindy Claycomb**
**455 N. Main**
**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 07/17/2018 10:26:38 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:57
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Springsted Incorporated**

**7724 Acuff Lane**

**Lenexa, KS  66216**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 10:31:01 AM

**Documents to be served with the Summons:**

Class Action Petition

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:30
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Kelly Carpenter**
> **1035 S Stagecoach Ct.**
> **Wichita, KS  67230**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:52:32 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:31
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Karen Sublett**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Clerk of the District Court

Electronically signed  on 07/17/2018 09:53:15 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:29
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Shawn Henning**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:52:05 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:20
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Robert Layton**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 09:50:36 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:27
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Robert Layton**
**455 N. Main**
**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.


Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:51:40 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:32
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Jeff Longwell**
**455 N. Main**
**Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:53:27 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 10:04
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**


To the above-named Defendant/Respondent:

> **Kutak Rock, LLP**
>
> **9750 E. 87th South**
>
> **Derby, KS  67037**


You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
>
> 200 E DOUGLAS AVE, #320
>
> Wichita, KS 67202


within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:14:49 AM


**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 10:07
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

# Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Linda Kizzire**
**525 N. Main**
**Wichita, KS 67203**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.


Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:15:13 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Pete Meitzner**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 09:55:09 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:33
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Carl Brewer**

**4324 E Norwood Ln.**

**Wichita, KS  67220**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbrenas

Clerk of the District Court

Electronically signed  on 07/17/2018 09:54:01 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 17 AM 9:35
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Brandon Johnson**

**455 N. Main**

**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker

200 E DOUGLAS AVE, #320

Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 09:54:37 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 18 PM 1:57
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                      )
                                                )
vs.                                             )          **Case Number:     2018-CV-001567-CF**
                                                )
City of Wichita, Kansas, et al.                 )
                                                )

# RETURN OF SERVICE

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:48
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **Sue Schlapp**
> **Po Box 782021**
> **Wichita, KS  67278**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE. #320
> Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 12:32:50 PM

**Documents to be served with the Summons:**

Class Action Petition

---

SHERIFF'S RETURN OF SERVICE

Type of Service __1st class mail service__

Date/Time __JUL 17 2018__

Jeffrey T. Easter

Sheriff of Sedgwick County, KS

By: _____  D1323

I declare under penalty of perjury that the above return is true and correct.

**SERVED BY 1ST CLASS MAIL**

ELECTRONICALLY FILED
2018 Jul 19 PM 1:11
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS

David L. Snodgrass, et al.                    )
                                              )
vs.                                           )          **Case Number:**    __**2018-CV-001567-CF**__
                                              )
City of Wichita, Kansas, et al.               )
                                              )

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:43
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Janet Miller**
**1102 N Jefferson St.**
**Wichita, KS  67203**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



B.D. Lumbreras

Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:29:01 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 18 2018

SHERIFF'S RETURN OF SERVICE

Type of Service RSTO C 1030

Date/Time TO Janet Miller

Jeffrey T. Easter
Sheriff of Sedgwick County, KS JUL 18 2018

By: _____ D1323

I declare under penalty of perjury that the above return is true and correct.

NOTIFICATION MAILED

David L. Snodgrass, et al.
et al.

vs

City of Wichita, Kansas, et al. et al.

ELECTRONICALLY FILED
2018 Jul 19 PM 1:27
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

I hereby certify that I have served this document in the following manner:

18 CV1567

(1) **PERSONAL SERVICE**. By delivering a copy of said document to each of the following defendant(s) on the dates indicated:

_____    _____, 20_____
_____    _____, 20_____

(2) **RESIDENCE SERVICE**. By leaving a copy of such document at the dwelling or abode of each defendant(s) with some person of suitable age and discretion residing therein on the dates indicated:

_____    _____, 20_____
_____    _____, 20_____

(3) **AGENT SERVICE**. By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive of process on the dates indicated:

_____    _____, 20_____
_____    _____, 20_____

(4) **RESIDENCE SERVICE & MAILING**. By leaving a copy of such document at the dwelling or abode of each defendant(s), with a minor or disabled person and mailing by first-class mail on the dates indicated a notice of such copy has been so left:

RSTD ⓒ 1057    NOTIFICATION MAILED    7/18, 20 18
_____    _____, 20_____

(5) **SERVICE BY RETURN RECEIPT DELIVERY**. By causing to be delivered on the _____day of _____, 20_____ a copy of such documents by return receipt delivery to each of the following defendant(s) at the following address:

_____    _____, 20_____
_____    _____, 20_____

With such delivery made by the following person or entity:_____
attached hereto is a copy of the return receipt evidencing such delivery.

(6) **RETURN RECEIPT DELIVERY REFUSED**. By mailing on the _____day of _____, 20_____, a copy of such documents by first-class mail, postage prepaid, addressed to the following at the following address:

_____    _____, 20_____
_____    _____, 20_____

(7) **NO SERVICE:** The following defendant was.

(8) not served:

_____    _____, 20_____
_____    _____, 20_____

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _____ 7/18, 20 18.

_____ D0701
Signature & Title of Officer or Process Server

**SHERIFF**
**JEFFREY T. EASTER**

1/8/2015

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:42
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Lavonta Williams**
**3928 Vesta Dr.**
**Wichita, KS  67208**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)    *B. D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:28:38 AM

**Documents to be served with the Summons:**

Class Action Petition

David L. Snodgrass,
etal. etal.
vs
City of Wichita, Kansas, etal. etal

**ELECTRONICALLY FILED**
2018 Jul 19 PM 1:29
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

I hereby certify that I have served this document in the following manner:

18CV001567

(1) **PERSONAL SERVICE**. By delivering a copy of said document to each of the following defendant(s) on the dates indicated:

_____  _____, 20_____
_____  _____, 20_____

(2) **RESIDENCE SERVICE**. By leaving a copy of such document at the dwelling or abode of each defendant(s) with some person of suitable age and discretion residing therein on the dates indicated:

RS: Kathy Brewer (wife) @ 1136 _____  7/18, 20 18
_____  _____, 20_____

(3) **AGENT SERVICE.** By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive of process on the dates indicated:

_____  _____, 20_____
_____  _____, 20_____

(4) **RESIDENCE SERVICE & MAILING.** By leaving a copy of such document at the dwelling or abode of each defendant(s), with a minor or disabled person and mailing by first-class mail on the dates indicated a notice of such copy has been so left:

_____  _____, 20_____
_____  _____, 20_____

(5) **SERVICE BY RETURN RECEIPT DELIVERY**. By causing to be delivered on the _____ day of _____, 20____ a copy of such documents by return receipt delivery to each of the following defendant(s) at the following address:

_____  _____, 20_____
_____  _____, 20_____

With such delivery made by the following person or entity:_____
attached hereto is a copy of the return receipt evidencing such delivery.

(6) **RETURN RECEIPT DELIVERY REFUSED**. By mailing on the _____ day of _____, 20_____, a copy of such documents by first-class mail, postage prepaid, addressed to the following at the following address:

_____  _____, 20_____
_____  _____, 20_____

(7) **NO SERVICE:** The following defendant was.

(8) not served:

_____  _____, 20_____
_____  _____, 20_____

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _____ 7/18, 20 18 .

_____ D0701
Signature & Title of Officer or Process Server

1/8/2015

**SHERIFF
JEFFREY T. EASTER**

ELECTRONICALLY FILED
2018 Jul 17 AM 9:33
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

## SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Carl Brewer**
**4324 E Norwood Ln.**
**Wichita, KS  67220**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.

*B.D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:54:01 AM

**Documents to be served with the Summons:**

Class Action Petition

David L. Snodgrass, et al. et al.

vs

City of Wichita, Kansas,
et al. et al.

18 CV00 1567

ELECTRONICALLY FILED
2018 Jul 19 AM 11:50
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

## RETURN

I hereby certify that I have served this document in the following manner:

(1)    **PERSONAL SERVICE.** By delivering a copy of such document to each of the following defendants on the dates indicated:

_____    _____, 20____
_____    _____, 20____

(2)    **RESIDENCE SERVICE.** By leaving a copy of such document at the dwelling or abode of each defendant(s) with some person of suitable age and discretion residing therein on the dates indicated:

_____    _____    _____, 20__
(Name)           (Address)        _____, 20__
                                  (Date)

(3)    **AGENT SERVICE.** By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:

_____    _____, 20____
_____    _____, 20____

(4)    **RESIDENCE SERVICE & MAILING.** By leaving a copy of such document at the dwelling or abode of each defendant(s), with a minor or disabled person and mailing by first-class mail on the dates indicated a notice that such copy has been so left:

RS TO to Dep O1029 HAS _____    JUL 18 2018 , 20__
(Name)          (Address)                  (Date)

(5)    **SERVICE BY RETURN RECEIPT DELIVERY.** By causing to be delivered on the ____ day of _____, 20 __, a copy of such documents by return receipt delivery to each of the following defendants at the following address:

_____
_____

with such delivery made by the following person or entity: _____
Attached hereto is a copy of the return receipt evidencing such delivery.

(6)    **RETURN RECEIPT DELIVERY REFUSED.** By mailing on the ____ day of _____, 200__, a copy of such documents by first-class mail, postage prepaid, addressed to the following at the following address:

_____
_____

(7)    **NO SERVICE.** The following defendant was .
(8)    not served:

_____
_____

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on ___ JUL 18 2018 **SHERIFF** ___ D. Pflugex, O1448
                              **JEFFREY T. EASTER**
                              Signature & Title of Officer or Process Server

1/3/2015

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:54
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

**Chapter 60 - Service by the Sheriff**

To the above-named Defendant/Respondent:

**Jim Skelton
5903 E Skinner St.
Wichita, KS 67218**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:29:38 AM

**Documents to be served with the Summons:**

Class Action Petition

David L. Snodgrass,
etal. etal.

vs

**ELECTRONICALLY FILED**
2018 Jul 19 PM 1:08
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

City of Wichita, Kansas etal.etal.

**RETURN**

18CV001567

I hereby certify that I have served this document in the following manner:

(1) **PERSONAL SERVICE**. By delivering a copy of said document to each of the following defendant(s) on the dates indicated:

_____  _____, 20_____

_____  _____, 20_____

(2) **RESIDENCE SERVICE**. By leaving a copy of such document at the dwelling or abode of each defendant(s) with some person of suitable age and discretion residing therein on the dates indicated:

_____  _____, 20_____

_____  _____, 20_____

(3) **AGENT SERVICE**. By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive of process on the dates indicated:

_____  _____, 20_____

_____  _____, 20_____

(4) **RESIDENCE SERVICE & MAILING**. By leaving a copy of such document at the dwelling or abode of each defendant(s), with a minor or disabled person and mailing by first-class mail on the dates indicated a notice of such copy has been so left:

RSTD 1126 Am JUL 18 2018    NOTIFICATION MAILED    _____, 20_____

_____  _____, 20_____

(5) **SERVICE BY RETURN RECEIPT DELIVERY**. By causing to be delivered on the _____day of _____, 20_____ a copy of such documents by return receipt delivery to each of the following defendant(s) at the following address:

_____  _____, 20_____

_____  _____, 20_____

With such delivery made by the following person or entity:_____
attached hereto is a copy of the return receipt evidencing such delivery.

(6) **RETURN RECEIPT DELIVERY REFUSED**. By mailing on the _____day of _____, 20_____, a copy of such documents by first-class mail, postage prepaid, addressed to the following at the following address:

_____  _____, 20_____

_____  _____, 20_____

(7) **NO SERVICE**: The following defendant was.

(8) not served:

_____  _____, 20_____

_____  _____, 20_____

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct.

JUL 18 2018

EXECUTED on _____, 20_____

Edward J. Danell DO741    **SHERIFF
JEFFREY T. EASTE**

Signature & Title of Officer or Process Server

1/8/2015

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:56
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Michael O'Donnell**
> **616 S Sheridan St.**
> **Wichita, KS 67213**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



B.D. Lumbreras
Bernadino D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:30:12 AM

**Documents to be served with the Summons:**

Class Action Petition

David L. Snavgrass, et.al. et.al.
: vs
City of Wichita, Kansas,
et.al. et.al.

ELECTRONICALLY FILED
2018 Jul 19 PM 1:09
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

18 CV001567

## RETURN

I hereby certify that I have served this document in the following manner:

(1)   **PERSONAL SERVICE.** By delivering a copy of such document to each of the following defendants on the dates indicated:

_____   _____, 20 _
_____   _____, 20 _

(2)   **RESIDENCE SERVICE.** By leaving a copy of such document at the dwelling or abode of each defendant(s) with some person of suitable age and discretion residing therein on the dates indicated:

_____   _____, 20 _
(Name)            (Address)          (Date)          , 20

(3)   **AGENT SERVICE.** By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated:

_____   _____, 20
_____   _____, 20

(4)   **RESIDENCE SERVICE & MAILING.** By leaving a copy of such document at the dwelling or abode of each defendant(s), with a minor or disabled person and mailing by first-class mail on the dates indicated a notice that such copy has been so left:

ASTD D Neff @ 1140 HRS _____   JUL 1 8 2018, 20
(Name)            (Address)          (Date)          20

(5)   **SERVICE BY RETURN RECEIPT DELIVERY.** By causing to be delivered on the ____ day of _____, 20 __, a copy of such documents by return receipt delivery to each of the following defendants at the following address:

_____   _____
_____   _____

with such delivery made by the following person or entity:_____
Attached hereto is a copy of the return receipt evidencing such delivery.

(6)   **RETURN RECEIPT DELIVERY REFUSED.** By mailing on the ____ day of _____, 200__, a copy of such documents by first-class mail, postage prepaid, addressed to the following at the following address:

_____
_____

(7)   **NO SERVICE.** The following defendant was .
(8)   not served:

_____

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _____, 20 __   **SHERIFF**
JUL 1 8 2018   **JEFFREY T. EASTER**   Sheriff or Officer or Process Server   D1448

1/3/2015

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:30
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

### SUMMONS

### Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Kelly Carpenter**
**1035 S Stagecoach Ct.**
**Wichita, KS  67230**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.



SEAL  B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:52:32 AM

**Documents to be served with the Summons:**

Class Action Petition

ELECTRONICALLY FILED
2018 Jul 20 AM 10:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                    )
                                               )
vs.                                            )            **Case Number:**      **2018-CV-001567-CF**
                                               )
City of Wichita, Kansas, et al.               )
                                               )

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

ELECTRONICALLY FILED
2018 Jul 17 AM 9:32
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

### SUMMONS

### Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Jeff Longwell**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)  *B.D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:53:27 AM

**Documents to be served with the Summons:**

Class Action Petition



JUL 1 9 2018

SHERIFF'S RETURN OF SERVICE
Type of Service *AS e 0937*
Date/Time *To Jamie Busch*
Jeffrey T. Easter          JUL 1 9 2018
Sheriff of Sedgwick County, KS

*M. Walter D1323*
I ___ out of penalty of perjury that the
above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:38
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS

David L. Snodgrass, et al.                )
                                          )
                                          )
vs.                                       )        **Case Number:**    **2018-CV-001567-CF**
                                          )
                                          )
City of Wichita, Kansas, et al.           )

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Pete Meitzner**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL) *B. D. Lumbrera*
Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 09:55:09 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 19 2018



SHERIFF'S RETURN OF SERVICE

Type of Service _____ As e 0937 TD

Date/Time _____ Jamie Buster

Jeff _____ Easter

Sheriff of Sedgwick County, KS   JUL 19 2018

By: T. Martin    D1323

I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:38
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS

David L. Snodgrass, et al.                    )
                                              )
                                              )
vs.                                           )        **Case Number:    2018-CV-001567-CF**
                                              )
City of Wichita, Kansas, et al.               )
_____              )

## RETURN OF SERVICE

ELECTRONICALLY FILED
2018 Jul 17 AM 9:41
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001587-CF

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Cindy Claycomb**
**455 N. Main**
**Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.

B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:26:38 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE
Type of Service
Date/Time
Jeffrey T. Easter
Sheriff of Sedgwick County, KS
By:
I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:50
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.

vs.

City of Wichita, Kansas, et al.

)
)
)
)
)
)

**Case Number:**     **2018-CV-001567-CF**

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:31
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Karen Sublett**
**455 N. Main**
**Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)   B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 09:53:15 AM

**Documents to be served with the Summons:**
Class Action Petition

JUL 19 2018



SHERIFF'S RETURN OF SERVICE
Type of Service _____
Date/Time _____
Jeffrey T. Easter          JUL 19 2018
Sheriff Sedgwick County, KS
By _____
I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:48
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                    )
                                              )
                                              )
vs.                                           )          **Case Number:      2018-CV-001567-CF**
                                              )
                                              )
City of Wichita, Kansas, et al.               )

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

## ELECTRONICALLY FILED
2018 Jul 17 AM 10:07
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

### SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Linda Kizzire**
**525 N. Main**
**Wichita, KS 67203**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)    *B.D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:15:13 AM

**Documents to be served with the Summons:**
Class Action Petition

JUL 19 2018



SHERIFF'S RETURN OF SERVICE
Type of Service  ASC 1435
Dat/Time  to Linda County
Jeffrey T. Easter  Clerk's Ofc 2nd floor
Sheriff of Sedgwick County, KS
JUL 19 2018
By T. Martin  01323
I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:47
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                          )
                                                    )
vs.                                                 )
                                                    )          **Case Number:    2018-CV-001567-CF**
                                                    )
City of Wichita, Kansas, et al.                     )
                                                    )

## RETURN OF SERVICE

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

ELECTRONICALLY FILED
2018 Jul 13 PM 4:59
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

**Chapter 60 - Service by the Sheriff**

To the above-named Defendant/Respondent:

**City of Wichita, Kansas**
**Attn: City Attorney Jennifer Magana**
**455 N. Main**
**Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Austin Keith Parker
200 E DOUGLAS AVE, #320
Wichita, KS 67202

within 21 days after service of summons on you.




Clerk of the District Court
Electronically signed on 07/13/2018 05:01:35 PM

**Documents to be served with the Summons:**
Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE
Type of Service A/S C.0937.10
Date/Time Jamie Buster
Jeffrey T. Easter JUL 19 2018
Sheriff of Sedgwick County, KS
By: Martin D1323
I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                )
                                          )
vs.                                        )          **Case Number:**   <u>**2018-CV-001567-CF**</u>
                                          )
City of Wichita, Kansas, et al.            )
                                          )

## <u>RETURN OF SERVICE</u>



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:35
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**SUMMONS**

**Chapter 60 - Service by the Sheriff**

To the above-named Defendant/Respondent:

> **Brandon Johnson**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



SEAL

*B.D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court

Electronically signed  on 07/17/2018 09:54:37 AM

**Documents to be served with the Summons:**

Class Action Petition

---

JUL 19 2018

SHERIFF'S RETURN OF SERVICE

Type of Service _A1S e 0937 10_

Date/Time _Jamie Buster_

Jeffrey T. Easter

Sheriff of Sedgwick County, KS JUL 19 2018

By: _T. Martin  D1323_

I declare, under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:35
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                    )
                                              )
                                              )
vs.                                           )        **Case Number:**    **2018-CV-001567-CF**
                                              )
City of Wichita, Kansas, et al.               )
                                              )

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:40
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

### SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Bryan Frye**
> **455 N. Main**
> **Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within **21 days** after service of summons on you.



*B.D. Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/17/2018 10:25:54 AM

**Documents to be served with the Summons:**
Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE

Type of Service: AS e 0937 10

D...Time: Jamie Buster

Jeffrey F. Easter

Sheriff of Sedgwick County, KS JUL 19 2018

By: Matt D1323

I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:35
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.          )
                                       )
                                       )
vs.                                     )       **Case Number:**    **2018-CV-001567-CF**
                                       )
City of Wichita, Kansas, et al.    )

## RETURN OF SERVICE

AS

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:37
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **James Clendenin**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



B.D. Lumbreras
**Bernadine D. Lumbreras**

Clerk of the District Court
Electronically signed  on 07/17/2018 10:24:45 AM

**Documents to be served with the Summons:**
Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE
Type of Service _AS C 0937 TD_
Date/Time _Jamie Bluster_
Jeffrey T. Easter
Sheriff of Sedgwick County, KS    JUL 19 2018
By: _____ D1323
I declare under penalty of perjury that the
above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:37
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS

David L. Snodgrass, et al.                    )
                                              )
vs.                                           )
                                              )
City of Wichita, Kansas, et al.               )

Case Number:    **2018-CV-001567-CF**

## RETURN OF SERVICE



David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

ELECTRONICALLY FILED
2018 Jul 17 AM 9:27
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Robert Layton**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)   *B.D.Lumbreras*
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:51:40 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE

Time of Service: AtS @ 0937 Th

By: Jamie Buster

Sheriff of Sedgwick County, KS JUL 19 2018

By: I. Mauter D1323

I declare under penalty of perjury that the above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                    )
                                              )
vs.                                           )          **Case Number:**    **2018-CV-001567-CF**
                                              )
City of Wichita, Kansas, et al.               )
                                              )

## RETURN OF SERVICE

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

**ELECTRONICALLY FILED**
2018 Jul 17 AM 9:38
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

### SUMMONS

### Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Jeff Blubaugh**
> **455 N. Main**
> **Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.

(SEAL)   B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 10:25:11 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 19 2018



SHERIFF'S RETURN OF SERVICE
Type of Service _A|S C C937 JD_
Date/Time _Jamie Buster_
Jeffrey T Easter
Sheriff of Sedgwick County, KS   JUL 19 2018
By: _Martin D1323_
I declare under penalty of perjury that the
above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 20 AM 10:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

David L. Snodgrass, et al.                    )
                                               )
vs.                                            )        **Case Number:    2018-CV-001567-CF**
                                               )
City of Wichita, Kansas, et al.                )

**RETURN OF SERVICE**

David L. Snodgrass, et al. et. al.

vs.

City of Wichita, Kansas, et al. et. al.

ELECTRONICALLY FILED
2018 Jul 17 AM 9:29
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

### SUMMONS

### Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Shawn Henning**
> **455 N. Main**
> **Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Austin Keith Parker
> 200 E DOUGLAS AVE, #320
> Wichita, KS 67202

within 21 days after service of summons on you.



B.D. Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed  on 07/17/2018 09:52:05 AM

**Documents to be served with the Summons:**

Class Action Petition

JUL 19 2018

SHERIFF'S RETURN OF SERVICE
Type of Service  A/S  C 00937  ID
Date:
Joh
Sher  of Sedgwick County, KS  JUL 19 2018
By:                                       D1323
I declare under penalty of perjury that the
above return is true and correct.

ELECTRONICALLY FILED
2018 Jul 25 PM 1:34
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF



**Court:**          Sedgwick County District Court

**Case Number:**    2018-CV-001567-CF

**Case Title:**     David L. Snodgrass, et al. vs. City of Wichita,
                    Kansas, et al.

**Type:**           Entry of Appearance and Request for Automatic
                    Extension

SO ORDERED.

Bernadine D. Lumbreras

/s/ Clerk of District Court

Electronically signed on 2018-07-25 13:34:40    page 1 of 4

Milo M. Unruh, Jr., #10286
ARN, MULLINS, UNRUH, KUHN & WILSON, LLP
330 R.H. Garvey Building
300 West Douglas
Wichita, Kansas 67202
Telephone:  (316) 267-5267
Facsimile:  (316) 267-5754
E-mail: munruh@arnmullins.com

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

| | | |
|---|---|---|
| DAVID L. SNODGRASS and | ) | |
| LESLIE J. SNODGRASS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18 CV 1567 |
| | ) | |
| CITY OF WICHITA, KANSAS; | ) | |
| WICHITA CITY MANAGER | ) | |
| ROBERT LAYTON; WICHITA | ) | |
| FINANCE DIRECTOR SHAWN | ) | |
| HENNING; FORMER WICHITA | ) | |
| FINANCE DIRECTOR KELLY | ) | |
| CARPENTER; WICHITA CITY CLERK | ) | |
| KAREN SUBLETT; WICHITA MAYOR | ) | |
| JEFF LONGWELL; FORMER WICHITA | ) | |
| MAYOR CARL BREWER; WICHITA CITY | ) | |
| COUNCILMEMBERS BRANDON JOHNSON, | ) | |
| PETE MEITZNER, JAMES CLENDENIN, | ) | |
| JEFF BLUBAUGH, BRYAN FRYE, and | ) | |
| CINDY CLAYCOMB; FORMER WICHITA | ) | |
| CITY COUNCILMEMBERS LAVONTA | ) | |
| WILLIAMS, JANET MILLER, SUE SCHLAPP, | ) | |
| PAUL GRAY, JEFF LONGWELL, JIM SKELTON | ) | |
| and MICHAEL O'DONNELL; SPRINGSTED | ) | |
| INCORPORATED; GILMORE AND BELL, A | ) | |
| PROFESSIONAL CORPORATION; | ) | |
| KUTAK ROCK, LLP and SEDGWICK COUNTY | ) | |
| TREASURER LINDA KIZZIRE, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to K.S.A. Chapter 60

David L. Snodgrass and Leslie J. Snodgrass v. City of Wichita, Kansas, et. al.
Case No. 18 CV 1567
Entry of Appearance and Request for Automatic Extension
Page 2 of 4

Case No. 18 CV 1567

**ENTRY OF APPEARANCE**
**AND**
**REQUEST FOR AUTOMATIC EXTENSION**

COMES NOW Milo M. Unruh, Jr. of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, who

enters his appearance, on behalf of Defendant, Linda Kizzire, Sedgwick County Treasurer, and

requests an automatic fourteen (14) day extension pursuant to Supreme Court Rule 113 to answer

or otherwise plead to the Petition of the Plaintiff.  The extension would grant until August 23,

2018 to answer or otherwise plead.

Respectfully submitted,

ARN, MULLINS, UNRUH, KUHN & WILSON, LLP

By: */s/ Milo M. Unruh, Jr.*
                Milo M. Unruh, Jr., #10286
                *Attorneys for Linda Kizzire,*
                *Sedgwick County Treasurer*

**ORDER GRANTING ADDITIONAL TIME TO PLEAD**

Pursuant to Supreme Court Rule 113, it is hereby ordered that Linda Kizzire, Sedgwick

County Treasurer, be granted additional time, until August 23, 2018, in which to answer or

otherwise plead to Plaintiffs' Class Action Petition, heretofore filed herein.

This Order is effective as of the date and time shown on the electronic file-stamp.

David L. Snodgrass and Leslie J. Snodgrass v. City of Wichita, Kansas, et. al.
Case No. 18 CV 1567
Entry of Appearance and Request for Automatic Extension
Page 3 of 4

Case No. 18 CV 1567

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2018, I electronically filed the above and foregoing Entry of Appearance and Request for Clerk's Automatic Extension and Order Granting Additional Time to Plead with the Clerk of the District Court by using the eFlex system which provided notice of electronic filing notice to:

      Austin Keith Parker
      Attorney at Law
      555 N. Woodlawn Blvd.
      Wichita, KS  67206
      *Attorney for Plaintiffs*

                                          */s/ Milo M. Unruh, Jr.*
                                          Milo M. Unruh, Jr.

David L. Snodgrass and Leslie J. Snodgrass v. City of Wichita, Kansas, et. al.
Case No. 18 CV 1567
Entry of Appearance and Request for Automatic Extension
Page 4 of 4

ELECTRONICALLY FILED
2018 Jul 26 PM 4:02
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

FLEESON, GOOING, COULSON & KITCH, L.L.C.
1900 EPIC Center
301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
aburrus@fleeson.com

IN THE EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS, DISTRICT COURT
CIVIL DEPARTMENT

| | | |
|---|---|---|
| DAVID L. SNODGRASS and | ) | |
| LESLIE J. SNODGRASS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.   18 CV 1567 |
| | ) | |
| CITY OF WICHITA, KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Adam R. Burrus of Fleeson, Gooing, Coulson & Kitch, L.L.C., and hereby enters his appearance as counsel of record for defendant Michael O'Donnell, in the above-captioned case.

FLEESON, GOOING, COULSON & KITCH, LLC


By: /s/ Adam R. Burrus_____
    Adam R. Burrus, #24230
    *Attorneys for Defendant Michael O'Donnell*

–1–

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of July, 2018, I served a true and correct copy of the

foregoing Entry of Appearance by mailing same, postage prepaid and properly addressed to:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn
Wichita, KS   67206
*Attorney for Plaintiffs*


/s/ Adam R. Burrus
_____

–2–

ELECTRONICALLY FILED
2018 Aug 01 AM 11:28
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF



**Court:**          Sedgwick County District Court

**Case Number:**    2018-CV-001567-CF

**Case Title:**     David L. Snodgrass, et al. vs. City of Wichita, Kansas, et al.

**Type:**           Clerks Order Extending Time To Plead

SO ORDERED.

Bernadine D. Lumbreras

/s/ Clerk of District Court

Electronically signed on 2018-08-01 11:29:16    page 1 of 3

FLEESON, GOOING, COULSON & KITCH, L.L.C.
1900 EPIC Center
301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
aburrus@fleeson.com

IN THE EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS, DISTRICT COURT
CIVIL DEPARTMENT

| | |
|---|---|
| DAVID L. SNODGRASS and<br>LESLIE J. SNODGRASS )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CITY OF WICHITA, KANSAS, et al., )<br>)<br>Defendants. )<br>) | Case No.  18 CV 1567 |

## CLERK'S ORDER EXTENDING TIME TO PLEAD

NOW, on this 1st day of August, 2018, defendant Michael O'Donnell's oral motion for

an order enlarging by fourteen (14) days the period within which he must answer or otherwise

plead in response to the petition comes on for consideration.

WHEREUPON, the Court finds that the motion should be granted.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Michael O'Donnell

should be and is hereby granted an additional fourteen (14) days, or until August 23, 2018, in

which to answer or otherwise plead in response to the Petition.

APPROVED:

FLEESON, GOOING, COULSON & KITCH, L.L.C.


By:    /s/ Adam R. Burrus
       Adam R. Burrus, #24230
       *Attorneys for Defendant Michael O'Donnell*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2018, I served a true and correct copy of

the foregoing Clerk's Order Extending Time to Plead by mailing same, postage prepaid and

properly addressed to:

       Austin Keith Parker
       Attorney at Law
       555 N. Woodlawn
       Wichita, KS  67206
       *Attorney for Plaintiffs*


                                   /s/ Adam R. Burrus

ELECTRONICALLY FILED
2018 Aug 03 PM 2:34
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

DAVID L. SNODGRASS and          )
LESLIE J. SNODGRASS,            )
                                )
            Plaintiffs,         )
                                )
v.                              )          Case No. 2018-CV-001567
                                )
CITY OF WICHITA, KANSAS; WICHITA )
CITY MANAGER ROBERT LAYTON;     )
WICHITA FINANCE DIRECTOR        )
SHAWN HENNING; FORMER WICHITA   )
FINANCE DIRECTOR KELLY CARPENTER; )
WICHITA CITY CLERK KAREN SUBLETT; )
WICHITA MAYOR JEFF LONGWELL;    )
FORMER WICHITA MAYOR CARL BREWER; )
WICHITA CITY COUNCIL MEMBERS    )
BRANDON JOHNSON, PETE MEITZNER, )
JAMES CLENDENIN, JEFF BLUBAUGH, )
BRYAN FRYE, and CINDY CLAYCOMB; )
FORMER WICHITA CITY COUNCIL     )
MEMBERS LAVONTA WILLIAMS, JANET )
MILLER, SUE SCHLAPP, PAUL GRAY, )
JEFF LONGWELL, JIM SKELTON and  )
MICHAEL O'DONNELL; SPRINGSTED    )
INCORPORATED; GILMORE AND BELL, )
A Professional Corporation; KUTAK ROCK )
LLP and SEDGWICK COUNTY TREASURER )
LINDA KIZZIRE,                  )
                                )
            Defendants.         )
_____ )

**ENTRY OF APPEARANCE**

John Aisenbrey and Christina J. Hansen of Stinson Leonard Street LLP hereby enter their

appearance herein on behalf of Defendant Kutak Rock, LLP.

Respectfully submitted,

_s/ John C. Aisenbrey_____
John C. Aisenbrey  (#16187)
STINSON LEONARD STREET LLP

1

1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
(816) 842-8600 / Fax:  (816) 691-3495
John.aisenbrey@stinson.com

Christina J. Hansen (#26008)
STINSON LEONARD STREET LLP
1625 N. Waterfront Pkwy, Suite 300
Wichita, Kansas 67206-6620
(316) 265-8800
Fax:  (316) 265-1349
christina.hansen@stinson.com

*Attorneys for Defendant Kutak Rock LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day August, 2018, a true and correct copy of the above and foregoing Entry of Appearance was filed via Kansas Courts E-Filing and notice sent to:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, KS 67206
Austin@austinkparkeratty.com
*Attorneys for Plaintiffs*

Adam R. Burrus
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, KS 67202
aburrus@fleeson.com
*Attorney for Defendant Michael O'Donnell*

Milo Unruh, Jr.
Arn, Mullins, Unruh, Kuhn & Wilson, LLP
300 W. Douglas, Suite 330
Wichita, KS 67202
munruh@arnmullins.com
*Attorney for Defendant Linda Kizzire*

*s/ John C. Aisenbrey*
John C. Aisenbrey

ELECTRONICALLY FILED
2018 Aug 03 PM 3:53
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF



**Court:**        Sedgwick County District Court

**Case Number:**  2018-CV-001567-CF

**Case Title:**   David L. Snodgrass, et al. vs. City of Wichita,
                  Kansas, et al.

**Type:**         Clerk's Extension of Time

SO ORDERED.

Bernadine D. Lumbreras

/s/ Clerk of District Court

Electronically signed on 2018-08-03 15:53:03    page 1 of 4

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

DAVID L. SNODGRASS and )
LESLIE J. SNODGRASS, )
                )
            Plaintiffs, )
                )
v. )      Case No. 2018-CV-001567
                )
CITY OF WICHITA, KANSAS; WICHITA )
CITY MANAGER ROBERT LAYTON; )
WICHITA FINANCE DIRECTOR )
SHAWN HENNING; FORMER WICHITA )
FINANCE DIRECTOR KELLY CARPENTER; )
WICHITA CITY CLERK KAREN SUBLETT; )
WICHITA MAYOR JEFF LONGWELL; )
FORMER WICHITA MAYOR CARL BREWER; )
WICHITA CITY COUNCIL MEMBERS )
BRANDON JOHNSON, PETE MEITZNER, )
JAMES CLENDENIN, JEFF BLUBAUGH, )
BRYAN FRYE, and CINDY CLAYCOMB; )
FORMER WICHITA CITY COUNCIL )
MEMBERS LAVONTA WILLIAMS, JANET )
MILLER, SUE SCHLAPP, PAUL GRAY, )
JEFF LONGWELL, JIM SKELTON and )
MICHAEL O'DONNELL; SPRINGSTED )
INCORPORATED; GILMORE AND BELL, )
A Professional Corporation; KUTAK ROCK )
LLP and SEDGWICK COUNTY TREASURER )
LINDA KIZZIRE, )
                )
           Defendants. )

## CLERK'S EXTENSION OF TIME

Defendant Kutak Rock, LLP ("Kutak Rock") is granted fourteen (14) days of additional time in which to answer or otherwise plead in response to Plaintiffs' Class Action Petition ("Petition") in this case.

Plaintiffs filed their Petition with the District Court of Sedgwick County, Kansas on July 13, 2018. Kutak Rock was served with the Petition on July 20, 2018. Kutak Rock's deadline to answer or otherwise plead in response to the Petition in this Court is August 10, 2018.

Pursuant to Kansas Supreme Court Rule 113, Kutak Rock has requested an extension of an additional fourteen (14) days, up to and including August 24, 2018, to its answer deadline. The time prescribed for Kutak Rock to answer or otherwise plead in response to the Petition has not expired. Kutak Rock shall now have until **August 24, 2018** to file its Answer or otherwise plead in response to the Petition in this matter.

BY ORDER OF THE CLERK, pursuant to Supreme Court Rule 113.

This Order is effective as of the date and time shown on the electronic file stamp.

Respectfully submitted,

*s/ John C. Aisenbrey*
John Aisenbrey  (#16187)
STINSON LEONARD STREET LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
(816) 842-8600  / Fax:  (816) 691-3495
John.aisenbrey@stinson.com

Christina J. Hansen (#26008)
STINSON LEONARD STREET LLP
1625 N. Waterfront Pkwy, Suite 300
Wichita, Kansas 67206-6620
(316) 265-8800
Fax:  (316) 265-1349
christina.hansen@stinson.com

*Attorneys for Defendant Kutak Rock LLP*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day August, 2018, a true and correct copy of the above and foregoing Clerk's Extension of Time was filed via Kansas Courts E-Filing and notice sent to:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, KS 67206
Austin@austinkparkeratty.com
*Attorney for Plaintiffs*

Adam R. Burrus
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, KS 67202
aburrus@fleeson.com
*Attorney for Defendant Michael O'Donnell*

Milo Unruh, Jr.
Arn, Mullins, Unruh, Kuhn & Wilson, LLP
300 W. Douglas, Suite 330
Wichita, KS 67202
munruh@arnmullins.com
*Attorney for Defendant Linda Kizzire*

*s/ John C. Aisenbrey*
John Aisenbrey

ELECTRONICALLY FILED
2018 Aug 06 AM 11:46
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

**THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT, SEDGWICK COUNTY, KANSAS**

| | | |
|---|---|---|
| David L. Snodgrass, et al. | ) | |
| | ) | |
| vs. | ) | **Case Number:**    **2018-CV-001567-CF** |
| | ) | |
| City of Wichita, Kansas, et al. | ) | |

## RETURN OF SERVICE



071718     18CV1567
SUE SCHLAPP
P O BOX 782021

**ELECTRONICALLY FILED**
2018 Aug 07 PM 3:13
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF



**Court:**          Sedgwick County District Court

**Case Number:**    2018-CV-001567-CF

**Case Title:**     David L. Snodgrass, et al. vs. City of Wichita,
                    Kansas, et al.

**Type:**           Clerk's Order for Additional Time to Plead to
                    Petition


SO ORDERED.

*B.D. Lumbreras*
Bernadine D. Lumbreras

/s/ Clerk of District Court


Electronically signed on 2018-08-07 15:13:02    page 1 of 4

JENNIFER L. MAGAÑA
City Attorney
ERIK S. HOUGHTON, #27368
Deputy City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas 67202
(316) 268-4681
(316) 268-4335 (FAX)
ehoughton@wichita.gov

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

| | | |
|---|---|---|
| DAVID L. SNODGRASS and | ) | |
| LESLIE J. SNODGRASS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2018-CV-001567-CF |
| vs. | ) | |
| | ) | |
| CITY OF WICHITA, KANSAS; | ) | |
| WICHITA CITY MANAGER | ) | |
| ROBERT LAYTON; WICHITA FINANCE | ) | |
| DIRECTOR SHAWN HENNING; FORMER | ) | |
| WICHITA FINANCE DIRECTOR KELLY | ) | |
| CARPENTER; WICHITA CITY CLERK | ) | |
| KAREN SUBLETT; WICHITA MAYOR | ) | |
| JEFF LONGWELL; FORMER WICHITA | ) | |
| MAYOR CARL BREWER; WICHITA | ) | |
| CITY COUNCILMEMBERS BRANDON | ) | |
| JOHNSON, PETE MEITZNER, JAMES | ) | |
| CLENDENIN, JEFF BLUBAUGH, BRYAN | ) | |
| FRYE, AND CINDY CLAYCOMB; FORMER | ) | |
| WICHITA CITY COUNCILMEMBERS | ) | |
| LAVONTA WILLIAMS, JANET MILLER, | ) | |
| SUE SCHLAPP, PAUL GRAY, JEFF | ) | |
| LONGWELL, JIM SKELTON, AND | ) | |
| MICHAEL O'DONNELL; SPRINSTEAD | ) | |
| INCORPORATED; GILMORE AND BELL, | ) | |
| A PROFESSIONAL CORPORATION; | ) | |
| KUTAK ROCK, LLP; AND SEDGWICK | ) | |
| COUNTY TREASURER LINDA KIZZIRE, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to K.S.A. Chapter 60

## CLERK'S ORDER FOR ADDITIONAL TIME
## TO PLEAD TO PETITION

By order of the Clerk, pursuant to Supreme Court Rule 113 relating to District Courts, it is hereby

ORDERED that defendants City of Wichita, Kansas, Robert Layton, Shawn Henning, Karen Sublett, Jeff Longwell, Brandon Johnson, Pete Meitzner, James Clendenin, Jeff Blubaugh, Bryan Frye, and Cindy Claycomb be granted an additional fourteen (14) days in which to answer or otherwise plead to the Petition filed herein. These defendants were served on July 19, 2018, which makes their original answer due date August 9, 2018. The new answer date for these defendants is August 23, 2018.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2018, a true and correct copy of the above and foregoing CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD TO PETITION was filed with the Court electronically and notification of said filing was transmitted by the Sedgwick County District Court Clerk's office to the parties of record, and a copy was sent via email to counsel of record as follows:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, Kansas 67206
austin@austinkparkeratty.com
*Attorney for Plaintiffs*

Milo Unruh
Arn Mullins Unruh Kuhn Wilson
R.H. Garvey Bldg.
300 W. Douglas Ave., Suite 330
Wichita, KS 67202-2976
munruh@arnmullins.com

Adam Burrus
Fleeson, Gooing, Coulson & Kitch, LLC
1900 Epic Center
301 N. Main St.
Wichita, KS 67202
aburrus@fleeson.com

John Aisenbrey
Stinson Leonard Street
1201 Walnut, Suite 2900
Kansas City, MO 64106
john.aisenbrey@stinson.com

Christina Hansen
Stinson Leonard Street
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206-6620
christina.hansen@stinson.com

/s/ Erik S. Houghton
Erik S. Houghton

ELECTRONICALLY FILED
2018 Aug 07 PM 3:12
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF



**Court:**        Sedgwick County District Court

**Case Number:**  2018-CV-001567-CF

**Case Title:**   David L. Snodgrass, et al. vs. City of Wichita,
                  Kansas, et al.

**Type:**         Clerk's Order for Additional Time to Plead to
                  Petition

SO ORDERED.

Bernadine D. Lumbreras

/s/ Clerk of District Court

Electronically signed on 2018-08-07 15:12:52    page 1 of 4

JENNIFER L. MAGAÑA
City Attorney
ERIK S. HOUGHTON, #27368
Deputy City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas 67202
(316) 268-4681
(316) 268-4335 (FAX)
ehoughton@wichita.gov

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

DAVID L. SNODGRASS and   )
LESLIE J. SNODGRASS,    )
            )
    Plaintiffs,    )
            )  Case No. 2018-CV-001567-CF
vs.           )
            )
CITY OF WICHITA, KANSAS;  )
WICHITA CITY MANAGER   )
ROBERT LAYTON; WICHITA FINANCE )
DIRECTOR SHAWN HENNING; FORMER )
WICHITA FINANCE DIRECTOR KELLY )
CARPENTER; WICHITA CITY CLERK )
KAREN SUBLETT; WICHITA MAYOR )
JEFF LONGWELL; FORMER WICHITA )
MAYOR CARL BREWER; WICHITA )
CITY COUNCILMEMBERS BRANDON )
JOHNSON, PETE MEITZNER, JAMES )
CLENDENIN, JEFF BLUBAUGH, BRYAN )
FRYE, AND CINDY CLAYCOMB; FORMER )
WICHITA CITY COUNCILMEMBERS )
LAVONTA WILLIAMS, JANET MILLER, )
SUE SCHLAPP, PAUL GRAY, JEFF )
LONGWELL, JIM SKELTON, AND )
MICHAEL O'DONNELL; SPRINSTEAD )
INCORPORATED; GILMORE AND BELL, )
A PROFESSIONAL CORPORATION; )
KUTAK ROCK, LLP; AND SEDGWICK )
COUNTY TREASURER LINDA KIZZIRE, )
            )
    Defendants.   )

Pursuant to K.S.A. Chapter 60

## CLERK'S ORDER FOR ADDITIONAL TIME
## TO PLEAD TO PETITION

By order of the Clerk, pursuant to Supreme Court Rule 113 relating to District Courts, it is hereby

ORDERED that defendants Kelly Carpenter, Carl Brewer, Janet Miller, Lavonta Williams, and Jim Skelton be granted an additional fourteen (14) days in which to answer or otherwise plead to the Petition filed herein.  These defendants were served on July 18, 2018, which makes their original answer due date August 8, 2018.  The new answer date for these defendants is August 22, 2018.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2018, a true and correct copy of the above and foregoing CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD TO PETITION was filed with the Court electronically and notification of said filing was transmitted by the Sedgwick County District Court Clerk's office to the parties of record, and a copy was sent via email to counsel of record as follows:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, Kansas 67206
austin@austinkparkeratty.com

Milo Unruh
Arn Mullins Unruh Kuhn Wilson
R.H. Garvey Bldg.
300 W. Douglas Ave., Suite 330
Wichita, KS 67202-2976
munruh@arnmullins.com

Adam Burrus
Fleeson, Gooing, Coulson & Kitch, LLC
1900 Epic Center
301 N. Main St.
Wichita, KS 67202
aburrus@fleeson.com

John Aisenbrey
Stinson Leonard Street
1201 Walnut, Suite 2900
Kansas City, MO 64106
john.aisenbrey@stinson.com

Christina Hansen
Stinson Leonard Street
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206-6620
christina.hansen@stinson.com

/s/ Erik S. Houghton_____
Erik S. Houghton

ELECTRONICALLY FILED
2018 Aug 10 PM 1:54
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF



**Court:**          Sedgwick County District Court

**Case Number:**    2018-CV-001567-CF

**Case Title:**     David L. Snodgrass, et al. vs. City of Wichita,
                    Kansas, et al.

**Type:**           Clerk's Order Extending Time to Plead


SO ORDERED.

Bernadine D. Lumbreras

/s/ Clerk of District Court


Electronically signed on 2018-08-10 13:54:52    page 1 of 4

HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS  67202-2209
Telephone:  (316) 265-7741
Facsimile:  (316) 267-7803

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

David L. Snodgrass and
Leslie J. Snodgrass,

                          Plaintiffs,                    Case No.  2018-CV-1567

         vs.

City of Wichita, Kansas;
Wichita City Manager Robert Layton;
Wichita Finance Director Shawn Henning;
Former Wichita Finance Director Kelly
Carpenter; Wichita City Clerk Karen Sublett;
Wichita Mayor Jeff Longwell; Former Wichita
Mayor Carl Brewer; Wichita City
Councilmembers Brandon Johnson, Pete
Meitzner, James Clendenin, Jeff Blubaugh,
Bryan Frye, and Cindy Claycomb; Former
Wichita City Councilmembers LaVonta
Williams, Janet Miller, Sue Schlapp, Paul Gray,
Jeff Longwell, Jim Skelton, and Michael
O'Donnell; Springsted Incorporated; Gilmore
and Bell, A Professional Corporation; Kutak
Rock, LLP and Sedgwick County Treasurer
Linda Kizzire,

                          Defendants.

PURSUANT TO K.S.A. CHAPTER 60

**CLERK'S ORDER EXTENDING TIME TO PLEAD**

On this day of August, 2018, it is ordered that defendant Gilmore and Bell, P.C. be and is

hereby granted fourteen days additional time in which to answer or otherwise plead to the

petition filed herein, from and after the 13th day of August, 2018, being until and including the

27th day of August, 2018.  The time originally prescribed has not expired.

   BY ORDER OF THE COURT.

         CLERK OF THE COURT
         Deputy Clerk of the District Court


SUBMITTED BY:

HITE, FANNING & HONEYMAN L.L.P.

By  *s/Don D. Gribble, II*
  Don D. Gribble, II #12163
  *Attorneys for Defendant Gilmore and Bell, P.C.*


## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on the 10th day of August, 2018, a true and correct

copy of the above and foregoing was e-mailed to:

  Austin Keith Parker, #23654
  Attorney at Law
  555 N. Woodlawn Blvd
  Wichita, Kansas  67206
  austin@austinparkeratty.com
  *Attorneys for Plaintiffs*

  Milo Unruh
  Arn Mullins Unruh Kuhn Wilson
  RH Garvey Bldg
  300 W. Douglas Avenue, Suite 330
  Wichita, KS  67202-2976
  munruh@arnmullins.com

  Adam Burrus
  Fleeson, Gooing, Coulson & Kitch, LLC
  1900 Epic Center
  301 N. Main Street
  Wichita, KS  67202
  aburrus@fleeson.com

John Aisenbrey
Stinson Leonard Street
1201 Walnut, Suite 2900
Kansas City, MO  64106
John.aisenbrey@stinson.com

Christina Hansen
Stinson Leonard Street
1625 N. Waterfront Parkway, Suite 300
Wichita, KS  67206-6620
Christina.hansen@stinson.com

Jennifer L. Magana
Erik S. Houghton
City Hall – 13th Floor
455 North Main
Wichita, KS  67202
ehoughton@wichita.gov

and the original, for e-filing to:

Clerk of the District Court
Sedgwick County Courthouse


___s/Don D. Gribble, II_____
Don D. Gribble, II

ELECTRONICALLY FILED
2018 Aug 13 PM 2:59
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-001567-CF

HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

David L. Snodgrass and
Leslie J. Snodgrass,

              Plaintiffs,

   vs.

Case No. 2018-CV-1567

City of Wichita, Kansas;
Wichita City Manager Robert Layton;
Wichita Finance Director Shawn Henning;
Former Wichita Finance Director Kelly
Carpenter; Wichita City Clerk Karen Sublett;
Wichita Mayor Jeff Longwell; Former Wichita
Mayor Carl Brewer; Wichita City
Councilmembers Brandon Johnson, Pete
Meitzner, James Clendenin, Jeff Blubaugh,
Bryan Frye, and Cindy Claycomb; Former
Wichita City Councilmembers LaVonta
Williams, Janet Miller, Sue Schlapp, Paul Gray,
Jeff Longwell, Jim Skelton, and Michael
O'Donnell; Springsted Incorporated; Gilmore
and Bell, A Professional Corporation; Kutak
Rock, LLP and Sedgwick County Treasurer
Linda Kizzire,

              Defendants.

PURSUANT TO K.S.A. CHAPTER 60

## **ENTRY OF APPEARANCE**

Don D. Gribble, II of Hite, Fanning & Honeyman L.L.P. hereby enters as counsel for

Defendant Gilmore and Bell, A Professional Corporation, subject to all defenses that can be

raised.

HITE, FANNING & HONEYMAN L.L.P.

By _/s/Don D. Gribble, II_____
Don D. Gribble, II #12163
*Attorneys for Defendant Gilmore and Bell, P.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of August, 2018, a true and correct

copy of the above and foregoing was e-mailed to:

Austin Keith Parker, #23654
Attorney at Law
555 N. Woodlawn Blvd
Wichita, Kansas  67206
austin@austinkparkeratty.com
*Attorneys for Plaintiffs*

Milo Unruh
Arn Mullins Unruh Kuhn Wilson
RH Garvey Bldg
300 W. Douglas Avenue, Suite 330
Wichita, KS  67202-2976
munruh@arnmullins.com

Adam Burrus
Fleeson, Gooing, Coulson & Kitch, LLC
1900 Epic Center
301 N. Main Street
Wichita, KS  67202
aburrus@fleeson.com

John Aisenbrey
Stinson Leonard Street
1201 Walnut, Suite 2900
Kansas City, MO  64106
John.aisenbrey@stinson.com

Christina Hansen
Stinson Leonard Street
1625 N. Waterfront Parkway, Suite 300
Wichita, KS  67206-6620
Christina.hansen@stinson.com

Jennifer L. Magana
Erik S. Houghton
City Hall – 13th Floor
455 North Main
Wichita, KS  67202
ehoughton@wichita.gov

and the original, for e-filing to:

Clerk of the District Court
Sedgwick County Courthouse


_____/s/Don D. Gribble, II_____
Don D. Gribble, II

ELECTRONICALLY FILED
2018 Aug 14 AM 10:45
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

Milo M. Unruh, Jr., #10286
ARN, MULLINS, UNRUH, KUHN & WILSON, LLP
330 R.H. Garvey Building
300 West Douglas
Wichita, Kansas 67202
Telephone:  (316) 267-5267
Facsimile:  (316) 267-5754
E-mail: munruh@arnmullins.com

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

| | | |
|---|---|---|
| DAVID L. SNODGRASS and<br>LESLIE J. SNODGRASS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18 CV 1567 |
| | ) | |
| CITY OF WICHITA, KANSAS;<br>WICHITA CITY MANAGER<br>ROBERT LAYTON; WICHITA<br>FINANCE DIRECTOR SHAWN<br>HENNING; FORMER WICHITA<br>FINANCE DIRECTOR KELLY<br>CARPENTER; WICHITA CITY CLERK<br>KAREN SUBLETT; WICHITA MAYOR<br>JEFF LONGWELL; FORMER WICHITA<br>MAYOR CARL BREWER; WICHITA CITY<br>COUNCILMEMBERS BRANDON JOHNSON,<br>PETE MEITZNER, JAMES CLENDENIN,<br>JEFF BLUBAUGH, BRYAN FRYE, and<br>CINDY CLAYCOMB; FORMER WICHITA<br>CITY COUNCILMEMBERS LAVONTA<br>WILLIAMS, JANET MILLER, SUE SCHLAPP,<br>PAUL GRAY, JEFF LONGWELL, JIM SKELTON<br>and MICHAEL O'DONNELL; SPRINGSTED<br>INCORPORATED; GILMORE AND BELL, A<br>PROFESSIONAL CORPORATION;<br>KUTAK ROCK, LLP and SEDGWICK COUNTY<br>TREASURER LINDA KIZZIRE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

Pursuant to K.S.A. Chapter 60

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Motion to Dismiss for Failure to State
Claim Upon Which Relief Can Be Granted

## MOTION TO DISMISS FOR FAILURE TO
## <u>STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

COMES NOW the Defendant, Sedgwick County Treasurer, Linda Kizzire ("Kizzire") by and through Milo M. Unruh, Jr. of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, and moves this Court pursuant to K.S.A. 2017 Supp. 60-212(b)(6) for an order dismissing the case as to said Defendant for Plaintiffs Failure To State Claim Upon Which Relief Can Be Granted.  In support of her motion, Kizzire files her Memorandum in Support of Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted.

Respectfully submitted,

ARN, MULLINS, UNRUH, KUHN & WILSON, LLP

By:  _/s/ Milo M. Unruh, Jr._
Milo M. Unruh, Jr., #10286
*Attorneys for Defendant, Sedgwick County Treasurer
Linda Kizzire*

## <u>NOTICE OF HEARING</u>

Please take notice that the above and foregoing Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted will be heard by Judge David Dahl of the Eighteenth Judicial District, District Court, Sedgwick County, Kansas on **September 14, 2018 at 1:30 p.m.** on the 9th Floor, Room 9-3 of the Sedgwick County Courthouse, 525 N. Main, Wichita, Kansas or as soon thereafter as the Court can reach the same.

_/s/ Milo M. Unruh, Jr._
Milo M. Unruh, Jr.

2

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Motion to Dismiss for Failure to State
Claim Upon Which Relief Can Be Granted

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2018, I electronically filed the above and foregoing Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted and Notice of Hearing with the Clerk of the District Court by using the eFlex system which provided notice of electronic filing notice to:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, KS  67206
*Attorney for Plaintiffs*

Adam R. Burrus
Fleeson, Gooing, Coulson & Kitch, LLC
1900 EPIC Center
301 N. Main
Wichita, KS  67202
*Attorneys for Defendant Michael O'Donnell*

John C. Aisenbrey
Christina J. Hansen
Stinson, Leonard, Street, LLP
1625 N. Waterfront Pkwy., Suite 300
Wichita, KS  67206
*Attorneys for Defendant Kutak Rock, LLP*

Jennifer L. Magaña
City Attorney
Erik S. Houghton
Deputy City Attorney
City Hall – 13th Floor
455 North Main
Wichita, KS  67202
*Attorneys for Defendants City of Wichita, Kansas,*
*Robert Layton, Shawn Henning,*
*Karen Sublett, Jeff Longwell,*
*Brandon Johnson, Pete Meitzner,*
*James Clendenin, Jeff Blubaugh,*
*Bryan Frye, Cindy Claycomb,*
*Kelly Carpenter, Carl Brewer,*
*Janet Miller, Lavonta Williams and Jim Skelton*

3

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Motion to Dismiss for Failure to State
Claim Upon Which Relief Can Be Granted

Don D. Gribble, II
Hite, Fanning & Honeyman, LLP
100 N. Broadway, Ste. 950
Wichita, KS  67202-2209
*Attorneys for Defendant*
*Gilmore & Bell, a Professional Corporation*



 */s/ Milo M. Unruh, Jr.*
Milo M. Unruh, Jr.

ELECTRONICALLY FILED
2018 Aug 14 AM 10:45
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-001567-CF

Milo M. Unruh, Jr., #10286
ARN, MULLINS, UNRUH, KUHN & WILSON, LLP
330 R.H. Garvey Building
300 West Douglas
Wichita, Kansas 67202
Telephone:  (316) 267-5267
Facsimile:  (316) 267-5754
E-mail: munruh@arnmullins.com

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## CIVIL DEPARTMENT

| | |
|---|---|
| DAVID L. SNODGRASS and ) | |
| LESLIE J. SNODGRASS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 18 CV 1567 |
| ) | |
| CITY OF WICHITA, KANSAS; ) | |
| WICHITA CITY MANAGER ) | |
| ROBERT LAYTON; WICHITA ) | |
| FINANCE DIRECTOR SHAWN ) | |
| HENNING; FORMER WICHITA ) | |
| FINANCE DIRECTOR KELLY ) | |
| CARPENTER; WICHITA CITY CLERK ) | |
| KAREN SUBLETT; WICHITA MAYOR ) | |
| JEFF LONGWELL; FORMER WICHITA ) | |
| MAYOR CARL BREWER; WICHITA CITY ) | |
| COUNCILMEMBERS BRANDON JOHNSON, ) | |
| PETE MEITZNER, JAMES CLENDENIN, ) | |
| JEFF BLUBAUGH, BRYAN FRYE, and ) | |
| CINDY CLAYCOMB; FORMER WICHITA ) | |
| CITY COUNCILMEMBERS LAVONTA ) | |
| WILLIAMS, JANET MILLER, SUE SCHLAPP, ) | |
| PAUL GRAY, JEFF LONGWELL, JIM SKELTON ) | |
| and MICHAEL O'DONNELL; SPRINGSTED ) | |
| INCORPORATED; GILMORE AND BELL, A ) | |
| PROFESSIONAL CORPORATION; ) | |
| KUTAK ROCK, LLP and SEDGWICK COUNTY ) | |
| TREASURER LINDA KIZZIRE, ) | |
| ) | |
| Defendants. ) | |

Pursuant to K.S.A. Chapter 60

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

### MEMORANDUM IN SUPPORT OF DEFENDANT SEDGWICK COUNTY TREASURER LINDA KIZZIRE'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Defendant, Sedgwick County Treasurer, Linda Kizzire ("Kizzire") by and through her counsel, Milo M. Unruh, Jr. of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, and in support of her Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted, submits this Memorandum.

## I.    INTRODUCTION

The Petition filed in the above entitled matter sets forth in Counts 1-7, inclusive, various allegations of wrongdoing on the part of certain Defendants identified as the "Wichita Defendants"; the Defendants Springsted Incorporated; Gilmore and Bell, Kutak Rock, LLP and the City of Wichita and that as a result of such wrongdoing, the Plaintiffs have been damaged in excess of the sum of Seventy Five Thousand Dollars ($75,000.00).  No claim of wrongdoing is alleged against Kizzire in Counts 1-7, inclusive, of the Plaintiffs' Petition.

The only reference to any sort of relief sought by Plaintiffs against Kizzire is stated at page 38 of Plaintiffs' Petition under the title of "Class Action Relief Sought Against All Defendants" as follows:

> "E. That the Court issue a Writ of Mandamus ordering Defendant Linda Kizzire to remit all excess special assessment funds collected under certifications and or directions issued by Defendant City of Wichita, acting through the other Wichita Defendants and Defendants Springsted, Gilmore and Bell and Kutak Rock, to this court for distribution to Plaintiffs and the other Members of the Class."

The alleged wrongdoings of the "Wichita Defendants"; the Defendants Springsted Incorporated; Gilmore and Bell, Kutak Rock, LLP and the City of Wichita have as its genesis, the levying of special assessments by the City of Wichita to pay for general obligation bonds

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

issued under the General Improvement and Assessment Laws of the State of Kansas.  K.S.A. 12-6a01 *et. seq.* and/or state statutes, City Ordinances and City Charter Ordinances authorizing the levy of special assessments including K.S.A. 10-114 (Paragraph 43 of Plaintiffs' Petition).

Specifically, the Plaintiffs allege that the aforesaid general and special obligation bonds issued by the City of Wichita authorizing the levy of special assessments, including K.S.A. 10-114, were used in 2004 to finance payment of certain street, sewer and water improvements within the Remington Place Addition to Wichita, Sedgwick County, Kansas (herein "the Addition").  The Plaintiffs have resided in the Addition since 2004 and have been paying special assessments levied against the specific lot owned by them in the Addition.  According to the Plaintiffs, in 2009, the City of Wichita refinanced many of its bonds, apparently due to lower interest rates, including those issued to pay for the improvements in the Addition, resulting in substantial "savings" to the City because of reduced bond payments.

Following this refinancing and claimed savings, Plaintiffs allege they never received any reduction in their special assessments or a refund of excess special assessments paid on their lot in the Addition from the City of Wichita.  The Plaintiffs also allege the City of Wichita never reassessed any of the parcels in the Addition.  Instead, the Plaintiffs claim the City of Wichita transferred the excess special assessment money paid by the affected Wichita taxpayers to support the city's general fund and/or other municipal funds, and by doing so, misappropriated funds which rightfully belonged to the Plaintiffs.

## II.    ROLE OF THE SEDGWICK COUNTY TREASURER

Sedgwick County's role in the specific tax process in question which involves taxing municipalities and authorities, is strictly administrative.  Municipalities and taxing authorities (i.e. townships, cemetery, fire municipalities, county, etc.) calculate and submit their respective

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

tax and assessment rates to the Sedgwick County Clerk's office. Thereupon, the county clerk places the tax upon the tax roll of the county, in the manner prescribed by law, and the tax is then to be collected by the county treasurer. See K.S.A. 2017 Supp. 79-1801(a).

Therefore, it is the responsibility of the assessing tax authority, in this case, the City of Wichita, to establish and determine the accuracy of the assessment. By statute, the Sedgwick County Treasurer's Office role is simply to collect and distribute annual taxes, including special assessments, on behalf of all taxing authorities, including the City of Wichita in the manner provided by K.S.A. 12-1678a as amended.

## III.   ARGUMENT AND AUTHORITIES

Defendant Kizzire moves this Court pursuant to K.S.A. 2017 Supp. 60-212(b)(6) to dismiss this case as to her because as a matter of law no claim for relief can be granted against this Defendant. The Court when considering this motion, must decide the motion based upon the facts as pled by Plaintiffs in their Petition. See *Spivey v. McKune*, 305 Kan. 469, 384 P.3d 1003 (2016).

As noted above, Plaintiffs seek in their Petition, an Order from this Court issuing a Writ of Mandamus ordering Defendant Kizzire to remit all excess special assessment funds under certifications and/or directions issued by the Defendant, City of Wichita. Mandamus is an extraordinary remedy. It is statutorily authorized by K.S.A. 60-801.

As set out in K.S.A. 60-801, "Mandamus is a proceeding to compel some…corporation or person to perform a specified duty, which duty results from…operation of law." K.S.A. 60-801. As the Kansas Supreme Court very recently summarized:

> '[M]andamus is a proceeding designed for the purpose of compelling a public officer to perform a clearly defined duty, one imposed by law and not involving the exercise of discretion.'   [Citations omitted.]   And

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

> '[u]nless the respondent's legal duty is clear, the writ should not issue.'
> [Citations omitted.]   'Whether mandamus lies is dependent upon an
> interpretation of the applicable procedural and substantive statutes, over
> which this court has unlimited review.'   [Citations omitted.]   The
> petitioner has the burden of showing a right to such relief.  [Citations
> omitted.]

*Taylor v. Kobach*, 300 Kan. 731, 734, 334 P.2d 306 (2014).  Further, the remedy of mandamus

may not be used to enforce a right which is in substantial dispute.  See *Lauber v. Fireman's*

*Relief Assn. of Salina*, 195 Kan. 126, 402 P.2d 817 (1965).  Suffice it to state, the right of

Plaintiffs to a refund arising out of a contested levying of special assessments by the City of

Wichita is clearly in substantial dispute.

As stated above, a writ of mandamus is only proper if the legal duty of the party against

whom the writ is sought is "clearly defined, imposed by law, and [does not involve] the exercise

of discretion."  *Taylor v. Kobach*, 300 Kan. 731, 734, 334 P.2d 306 (2014) (quoting *State ex rel.*

*Slusher v. City of Leavenworth*, 279 Kan. 789, Syl. ¶ 4, 112 P.3d 131 (2005)).

Kizzire contends no legal duty exists at this time which is "clearly defined and imposed

by law upon her" and none is alleged by the Plaintiffs.  The issues as to the need for mandamus

are not ripe as they have not taken fixed and final shape.  There is no duty which Kizzire can

perform.  No judgment, decision or order from any court or Kansas state tax appeals body has

been entered in favor of the Plaintiffs ruling that the special assessments were illegal or that it is

the legal duty of Kizzire to refund to the Plaintiffs, the alleged excess special assessments levied

by the City of Wichita and in the possession of the City of Wichita.  In contrast, reference is

made to the case of *Thompson v. Chautauqua County Comm'rs*, 147 Kan. 151, 75 P.2d 839

(1938).  In *Thompson*, a mandamus action was deemed proper and binding upon a county

treasurer, but only after the taxpayer had paid the disputed taxes under protest, made application

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

to the state tax commission for a refund of those funds in the hands of the county treasurer and after a hearing on said application, the state tax commission ordered the illegal taxes to be refunded by the county treasurer.  Clearly those facts do not exist in this case.

In their Petition, the Plaintiffs allege that the "savings" generated by the refinancing of the bonds paid for by the special assessments levied by the City of Wichita were unlawfully used by it to reduce Wichita's general property tax levy necessary to support the general bond and interest and other funds of the City of Wichita (see Paragraphs 32, 49, 57, 64, 76 and 77).  It was the City of Wichita which levied the alleged excessive special assessments against the Plaintiffs.  The Plaintiffs claim the City of Wichita, after having received the money collected pursuant to the city's special assessment levy and distributed by Sedgwick County to the city as mandated by law, unlawfully "transferred the excess special assessment money paid by affected Wichita taxpayers to support its general fund and/or other municipal funds" (Paragraph 49).  The Plaintiffs recourse is to recover those funds from the City of Wichita who possess the funds.  In fact, Plaintiffs allege that they and similarly situated taxpayers "are without millions of dollars of tax payments that should have been returned to them by the City of Wichita" (Paragraph 66).  This is not the responsibility or duty of the Sedgwick County Treasurer.

In addition, mandamus is not proper if the Plaintiffs have an adequate remedy at law.  See *Cincinnati Insurance Company v. Karns*, 52 Kan. App.2d 846, 379 P.3d 399 (2016), and *Stephens v. VanArdsdale*, 227 Kan. 676, 682, 608 P. 2d 972 (1980).  The Plaintiffs claim in their Petition at paragraph 48 thereof, that should their requested relief eventually be granted (which could be many years down the road), K.S.A. 12-6a12(b) specifically provides the following remedies to address the wrongs suffered at the hands of the Wichita Defendants"; the Defendants Springsted Incorporated; Gilmore and Bell, Kutak Rock, LLP and the City of Wichita:

6

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

"(b)  When an assessment is, for any reason whatever, set aside by a court of competent jurisdiction as to any parcel or parcels of land, or in event the governing body finds that the assessment or any part thereof is excessive or determines on advice of counsel in writing, that it is or may be invalid for any reason, the governing body may, upon notice and hearing as provided for the original assessment, make a reassessment or a new assessment as to such parcel or parcels."

In other words, if a special assessment, is for any reason, set aside by the Court as requested by the Plaintiffs or if the governing body (in this case it is the City of Wichita) finds that the assessment is excessive, the governing body, may upon notice and hearing make a reassessment or a new assessment or the Court could issue such orders, judgments and directives against those parties who are found at fault to refund the monies to the Plaintiffs constituting the excess special assessments.

## CONCLUSION

There is no legal duty of the Sedgwick County Treasurer to remit any excess special assessments levied by the City of Wichita.  These funds were distributed to the City of Wichita, and thereafter according to Plaintiffs, wrongfully transferred by the City of Wichita.  There is no duty which Kizzire is legally required to perform.  No judgment, decision or order from any court or Kansas state tax appeals body has been entered in favor of the Plaintiffs stating that the special assessments were illegal or that it is the legal duty of Kizzire to refund the alleged excess special assessments levied by the City of Wichita.  Further, Plaintiffs have an adequate remedy at law.  The Plaintiffs specifically cited in their Petition the statutory remedies which they can utilize to address their claims for a return of the excess special assessments which are the subject of the Plaintiffs Petition.  Defendant Kizzire's Motion to Dismiss should be granted.

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

Respectfully submitted,

ARN, MULLINS, UNRUH, KUHN & WILSON, LLP

By:  _/s/ Milo M. Unruh, Jr._
      Milo M. Unruh, Jr., #10286
      *Attorneys for Defendant, Sedgwick County Treasurer*
      *Linda Kizzire*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2018, I electronically filed the above and foregoing Memorandum In Support of Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted with the Clerk of the District Court by using the eFlex system which provided notice of electronic filing notice to:

Austin Keith Parker
Attorney at Law
555 N. Woodlawn Blvd.
Wichita, KS  67206
*Attorney for Plaintiffs*

Adam R. Burrus
Fleeson, Gooing, Coulson & Kitch, LLC
1900 EPIC Center
301 N. Main
Wichita, KS  67202
*Attorneys for Defendant Michael O'Donnell*

John C. Aisenbrey
Christina J. Hansen
Stinson, Leonard, Street, LLP
1625 N. Waterfront Pkwy., Suite 300
Wichita, KS  67206
*Attorneys for Defendant Kutak Rock, LLP*

Snodgrass v. City of Wichita, et al
Case No. 18 CV 1567
Memorandum In Support of Defendant Sedgwick County
Treasurer Linda Kizzire's Motion to Dismiss

Jennifer L. Magaña
City Attorney
Erik S. Houghton
Deputy City Attorney
City Hall – 13th Floor
455 North Main
Wichita, KS  67202
*Attorneys for Defendants City of Wichita, Kansas,*
*Robert Layton, Shawn Henning,*
*Karen Sublett, Jeff Longwell,*
*Brandon Johnson, Pete Meitzner,*
*James Clendenin, Jeff Blubaugh,*
*Bryan Frye, Cindy Claycomb,*
*Kelly Carpenter, Carl Brewer,*
*Janet Miller, Lavonta Williams and Jim Skelton*

Don D. Gribble, II
Hite, Fanning & Honeyman, LLP
100 N. Broadway, Ste. 950
Wichita, KS  67202-2209
*Attorneys for Defendant*
*Gilmore & Bell, a Professional Corporation*

*/s/ Milo M. Unruh, Jr.*
Milo M. Unruh, Jr.